**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| **MARTHA WILLIAMS**, | * |
| | * |
| Plaintiff, | * |
| | *   Case No. 4:22-cv-48 |
| v. | * |
| | * |
| **CIRCLE K STORES, INC.** | *   JURY DEMANDED |
| **AND SUE WATHCHEM,** | * |
| | * |
| Defendants. | * |

**NOTICE OF REMOVAL**

Defendant Circle K Stores, Inc. ("Circle K"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of the above-captioned action from the State Court of Muscogee County, State of Georgia, where this action is now pending, to the United States District Court for the Middle District of Georgia, Columbus Division. As grounds for removal, Circle K states as follows:

1. The Plaintiff, Martha Williams, commenced this action in the State Court of Muscogee County, Georgia on May 20, 2021 and served copies of the Complaint, summons, and discovery on Circle K's registered agent on June 4, 2021. Circle K timely answered the Plaintiff's Complaint on July 2, 2021. At the time the Complaint was served on Circle K, and within thirty (30) days thereafter, the case was not subject to removal pursuant to 28 U.S.C. §§ 1332 and 1446(b)(1) as neither the amount in controversy nor the diversity of the parties, including the appropriateness of Defendant Sue Wathchem's presence in the case, was capable of determination.

2. This is a civil action for damages arising out of alleged injuries the Plaintiff sustained in a November 15, 2019 slip-and-fall incident at a Circle K gas station located at 1408

Veterans Parkway, Columbus, Muscogee County, Georgia ("Subject Premises").[1]

3. The United States District Court for the Middle District of Georgia, Columbus Division has jurisdiction by reason of diversity of citizenship of the parties. 28 U.S.C. § 1332.

4. This is a suit between citizens of different states. At the time she commenced this action and at all times thereafter, Plaintiff was and continues to be a citizen and resident of the State of Georgia.

5. Circle K is a Texas corporation with its principal place of business in Arizona. Therefore, Circle K is a citizen of Texas and Arizona and not a citizen of Georgia.

6. Plaintiff's Complaint also names as a Defendant Sue Wathchem, who is alleged to be a resident of Georgia, and is further alleged to have been employed by Circle K as its store manager at the Subject Premises. (Compl. ¶ 3).

7. The citizenship of Sue Wathchem should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1441 because Plaintiff has no possibility of recovery against her, and, therefore, she has been fraudulently joined solely for the purpose of defeating federal diversity jurisdiction. *See e.g.*, *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

8. Defendant Sue Wathchem was not the store manager of the Subject Premises on November 15, 2019. (*See*, Excerpts of Deposition of Seara Keith, pp. 11, 50-52, attached hereto as **Exhibit 1**). She had no job responsibilities at, or employment relationship or affiliation with, the Subject Premises or the alleged incident on November 15, 2019. *Id.* On this basis, Circle K moved the State Court of Muscogee County to drop Defendant Sue Wathchem from the case as an

---

[1] In her Complaint, Plaintiff asserts an incorrect store location of 1445 Veterans Pkwy, Columbus, Muscogee County, Georgia 31901, of which Circle K refutes. However, both locations are situated within this Court's jurisdiction and so removal remains appropriate in this federal district and division pursuant to 28 U.S.C. § 1446(a).

improper party defendant. (*See*, Motion to Drop Sue Wathchem, attached hereto as **Exhibit 2**). Plaintiff's Sureply of February 17, 2022, conceded, for the first time in writing, that Defendant Sue Wathchem is an improper party to this case. (*See*, Plaintiff's Sureply to Defendant's Motion to Drop Defendant Sue Wathchem, p. 2, attached hereto as **Exhibit 3**). Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b)(3) as Plaintiff's admission of Defendant Sue Wathchem's dissociation with the Subject Premises in Plaintiff's Sureply constitutes an "other paper [that] contain[s] an unambiguous statement that clearly establishes federal jurisdiction." *Marquez v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 148495, at *4 (M.D. Ga. Nov. 3, 2015) (citations omitted).

9. Even if Defendant Sue Wathchem was the store manager of the Subject Premises, Circle K shows that Defendant Sue Wathchem was not an owner or occupier of the Subject Premises within the meaning of O.C.G.A. § 51-3-1, and did not "agree[] to assume complete control and custody of the [S]ubject [P]remises [in order to] be charged with the legal duties imposed upon an 'owner or occupier' under Georgia premises liability law." *Joy v. Wal-Mart Stores E.*, 2021 U.S. Dist. LEXIS 118534, at *10 (N.D. Ga. Mar. 23, 2021). Plaintiff was not an invitee of Defendant Sue Wathchem, nor did Defendant Sue Wathchem owe or breach any independent duty to Plaintiff. Therefore, removal remains proper.

10. This Honorable Court has previously held that "[w]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Robinson v. ITT Corp. Sys. Div.*, 2009 U.S. Dist. LEXIS 58850, at *5-6 (M.D. Ga. July 10, 2009).

11. "If, however, the jurisdictional amount is not facially apparent from the complaint,

the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* at *6.

12. "[A] defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

13. In this action, Plaintiff's Complaint does not claim a specific amount of damages to be recovered. (*See generally*, Compl.).

14. Instead, in her discovery responses Plaintiff has alleged at least $52,119.95 in special damages. (*See*, Exhibit "A" to Plaintiff's Discovery Responses, attached hereto as **Exhibit 4**).

15. In addition, Plaintiff alleges she "incurred serious and substantial past and future medical expenses and has endured and will continue to endure physical and mental pain and suffering." (Compl. ¶ 31).

16. Plaintiff further claims that her "injuries are permanent in nature, resulting in certain physical impairments." (Compl. ¶ 32).

17. Taken together, it is more likely than not that if Plaintiff recovers for the injuries and damages she seeks, including, but not limited to, past and future medical expenses, physical pain and suffering, and mental pain and suffering, the amount in controversy of Plaintiff's claim exceeds $75,000.00, exclusive of interest and costs. Accordingly, the jurisdictional amount is satisfied in this case.

18. A copy of all pleadings and orders served upon Circle K is filed with this Notice and attached hereto as **Exhibit 5**.

16. Circle K will give written notice of the filing of this Notice of Removal as required

by 28 U.S.C. § 1446(d).

17. Circle K will file a copy of this Notice of Removal with the Clerk of the State Court for Muscogee County, Georgia as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Circle K requests this action proceed in this Court as an action properly removed to it pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This 25th day of February, 2022.

        Respectfully submitted,

        **CARR ALLISON**

    By: ___/s/ Sean W. Martin___
        **SEAN W. MARTIN, GA BAR #474125**
        *Attorney for Defendant Circle K Stores, Inc.*
        736 Market Street, Suite 1320
        Chattanooga, TN 37402
        Telephone:   (423) 648-9832
        Facsimile:    (423) 648-9869
        swmartin@carrallison.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Ashleigh R. Madison, Esq.
Southeast Law, LLC
1703 Abercorn Street
Savannah, GA 31401

Franklin D. Hayes, Esq.
P.O. Box 2377
Douglas, GA 31534

    By: ___/s/    Sean W. Martin___
        **SEAN W. MARTIN, GA BAR #474125**