EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

**DEC 01, 2021 08:57 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

**MARTHA WILLIAMS**,　　　　　　　*

　　　　　　　　　　　　　　　　*

　　　Plaintiff,　　　　　　　　*　　　CASE NO. 2021-CV-000722

　　　　　　　　　　　　　　　　*

v.　　　　　　　　　　　　　　　*

　　　　　　　　　　　　　　　　*　　　JURY DEMANDED

**CIRCLE K STORES, INC.**　　　*

**and SUE WATHCHEM**,　　　　　*

　　　　　　　　　　　　　　　　*

　　　Defendants.　　　　　　　*

### DEFENDANT SUE WATHCHEM'S MOTION TO DROP
### SUE WATHCHEM AS A PARTY WITH PREJUDICE

COMES NOW the Defendant, Sue Wathchem, by and through counsel, to move this Court for entry of an order dropping Sue Wathchem as a party to this case with prejudice pursuant to O.C.G.A. §§ 9-11-21 and 9-11-12(b)(6).

As grounds and discussed in more detail in the contemporaneously filed Memorandum of Law, Defendant Wathchem would show that Plaintiff cannot prove any negligence claim against her, in chief, because she was not the manager on duty at the date of the incident that forms the basis of this lawsuit, nor was she affiliated at all with the Circle K store at issue in this case. Even still, Plaintiff cannot identify any duty of care that she owed Plaintiff in her individual capacity. Plaintiff claims that Defendant Wathchem, as Circle K's purported store manager, is liable to Plaintiff for negligently failing to maintain, inspect, warn of, or remove dangerous conditions from the Circle K store where Plaintiff slipped and fell. However, absent any claims of direct negligence against Defendant Wathchem, of which Plaintiff makes none, a mere store employee cannot be held liable in Georgia for a failure to warn or remove an allegedly dangerous condition—a duty that arises only in connection with Defendant Wathchem's purported employment with the Circle K at issue in this case. As Plaintiff alleges no negligence against Defendant Wathchem in her individual capacity, Plaintiff fails to state any viable claim overall against Defendant Wathchem—

notwithstanding Defendant Wathchem's non-affiliation with the store or the incident at issue in this case.

WHEREFORE, Defendant Wathchem respectfully requests that this Motion be granted and that Plaintiff's claims against her be dismissed with prejudice.

Respectfully submitted,

**CARR ALLISON**

By:   /s/ Sean W. Martin
      **SEAN W. MARTIN, GA BAR #474125**
      **STEPHEN A. SWANSON, GA BAR #759751**
      736 Market Street, Suite 1320
      Chattanooga, TN 37402
      Telephone: (423) 648-9832
      Facsimile: (423) 648-9869
      swmartin@carrallison.com
      sswanson@carrallison.com

      *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that on December 1, 2021, the foregoing document was electronically filed with the Clerk of Court using the PeachCourt Electronic Filing system, which will automatically send email notification of such filing to the following:

Ashleigh R. Madison, Esq.
Southeast Law, LLC
1703 Abercorn Street
Savannah, GA 31401

Franklin D. Hayes, Esq.
P.O. Box 2377
Douglas, GA 31534

This 1st day of December, 2021.

By:   /s/ Sean W. Martin
      **SEAN W. MARTIN, GA BAR #474125**

2

EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

**DEC 01, 2021 08:57 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MARTHA WILLIAMS**, | * | |
| | * | |
| Plaintiff, | * | CASE NO. 2021-CV-000722 |
| | * | |
| v. | * | |
| | * | JURY DEMANDED |
| **CIRCLE K STORES, INC.** | * | |
| **and SUE WATHCHEM**, | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SUE WATHCHEM'S MOTION TO DROP SUE WATHCHEM AS A PARTY WITH PREJUDICE

COMES NOW the Defendant, Sue Wathchem, by and through counsel, to submit this Memorandum of Law in support of her Motion to Drop Sue Wathchem as a Party with Prejudice, pursuant to O.C.G.A. §§ 9-11-21 and 9-11-12(b)(6).

## SUMMARY OF ARGUMENT

Plaintiff claims that purported Circle K manager Sue Wathchem is liable to her for negligently failing to maintain, inspect, warn of, remove, or otherwise remedy an allegedly dangerous condition from the Circle K store exit ramp upon which Plaintiff slipped and fell. However, Defendant Wathchem was neither a store manager, manager on duty, nor an employee at all at the time of the incident that forms the basis of this lawsuit. However, even if Defendant Wathchem had some affiliation with the Circle K store at issue, Defendant Circle K Stores, Inc. ("Circle K") had a non-delegable, statutory duty to keep the premises safe—a duty that a business carries out through its agents, employees included. Any liability at all in this case, then, is attributable only to Circle K as employees are not individually liable under Georgia law. Because Plaintiff has not alleged any separate basis for Defendant Wathchem's individual liability, and because Defendant Wathchem's purported responsibilities to warn of or remove dangerous

1

conditions from the store arose solely in her capacity as Circle K's purported agent (of which Defendant Wathchem refutes), Plaintiff fails to state any viable claim for negligence against Defendant Wathchem. Thus, Defendant Wathchem may be properly dropped from this case with prejudice.

## STATEMENT OF FACTS

Plaintiff Martha Williams claims she slipped and fell on Defendant Circle K's exit ramp as she left the store on a rainy day. Complaint, ¶ 9. Plaintiff attributes her fall and resulting damages to negligence by Circle K and Sue Wathchem, who was, according to Plaintiff, the manager of the store at the time of Plaintiff's fall. *Id.*, at ¶¶ 7, 31. Plaintiff asserts that, "[a]s store manager, Defendant Sue Wathchem had a duty to inspect the subject store and its approaches for hazards which could injure business invitees such as Plaintiff." *Id.*, at ¶ 22. Plaintiff claims that Defendant Sue Wathchem was negligent:

> "[i]n failing to properly maintain [the] ramp; [i]n failing to inspect [the] ramp; [i]n failing to install non-skid material or to otherwise eradicate the slippery nature of the surface when wet; [i]n failing to properly install railings for [the] ramp; and [i]n failing to properly post warning(s) about the condition(s) of said ramp."

*Id.*, at ¶ 23.

Contrary to Plaintiff's assertions, however, Defendant Sue Wathchem was not the manager on duty. Amended Answer of Circle K Stores, Inc., ¶¶ 3, 7, 22-23; Amended Answer of Sue Wathchem, ¶¶ 3, 7, 22-23. She was not the store manager of the Circle K at issue in this case. *Id.* She was not even employed at or by the Circle K store where Plaintiff allegedly fell. *Id.*; ¶¶ 12-14 of Defendants' Answers to Plaintiff's First Set of Interrogatories, attached hereto as **Exhibit A**. Without more, and for the additional reasons set forth below, none of Plaintiff's claims entitle her to relief from Defendant Wathchem under Georgia law.

2

## ARGUMENT AND CITATION OF AUTHORITY

A plaintiff asserting a Georgia negligence claim must first prove "[a] duty, or obligation, recognized by law, requiring the [defendant] to conform to a certain standard of conduct, for the protection of others against unreasonable risks. *Lau's Corp. v. Haskins*, 405 S.E.2d 474, 476 (Ga. 1991). Where the plaintiff cannot show that the defendant owed him a duty of care, the plaintiff's complaint fails to state a claim for negligence. *See, Glover v. Ga. Power Co.*, 819 S.E.2d 660, 663 (Ga. App. 2018) (a plaintiff "is not entitled to recover unless the defendant . . . failed to do something that it should have done pursuant to the duty owed the plaintiff."). Here, Plaintiff claims that Defendant Wathchem had a duty to inspect the store and its approaches for hazards which could injure business invitees like Plaintiff. Complaint, ¶ 22.

I. **Defendant Wathchem is an improper party to this action and should be dropped from the case with prejudice.**

In its dual Answers to Plaintiff's Complaint for Damages, as well as their verified discovery responses, both Defendants have sworn under oath that Defendant Wathchem was not the manager on duty as proffered by the Plaintiff. Amended Answer of Circle K Stores, Inc., ¶¶ 3, 7, 22-23; Amended Answer of Sue Wathchem, ¶¶ 3, 7, 22-23; ¶¶ 12-14 of Defendants' Answers to Plaintiff's First Set of Interrogatories. She has nothing at all to do with the Circle K store that forms the basis of this lawsuit. *Id.* With no affiliation to this action or the underlying incident, her drop from this case as a party with prejudice pursuant to O.C.G.A. § 9-11-21 is appropriate. Indeed, Georgia law is clear that where a party is neither the owner nor the occupier of the premises where Plaintiff was allegedly injured, said party cannot be directly liability to the Plaintiff "under any premises liability theory." *Anderson v. Atlanta Comm. for the Olympic Games*, 537 S.E.2d 345, 350 (Ga. 2000). *See also, Whatley's Interiors, Inc. v. Anderson*, 336 S.E.2d 326, 328 (Ga. App. 1985) (party dropped when he had no interest in the property subject to the lawsuit); *Rasheed v. Klopp Enters.*, 622

S.E.2d 442, 446 (Ga. App. 2005) (no liability to purported commercial van driver employee who was found not to be an employee at all of the corporate defendant who was sued on a theory of vicarious liability). Defendant Watchem is a named defendant with no connection or information relevant to the present action, and therefore, an order dropping her from this case with prejudice is warranted.

## II.   Liability may not be imposed on Sue Wathchem or any other purported manager as an employee of Circle K for actions undertaken in the course and scope of their employment with Circle K.

To the extent that this Court finds that Defendant Wathchem's drop from this case is not proper simply by virtue of her complete lack of association with the events underlying this action, and to the extent Plaintiff intends to add or substitute in the actual manager on duty as a party defendant, liability is precluded as to any purported managers in their individual capacities. Plaintiff's claims against Defendant Wathchem arise out of Ms. Wathchem's employment as the Circle K store manager. Complaint, ¶¶ 7, 22-23. Plaintiff explicitly states that Defendant Wathchem's duty to inspect the store arose out of her position as store manager. *Id.*, at ¶ 22. Plaintiff claims that Defendant Wathchem breached this duty because she failed to maintain, inspect, warn, or otherwise make safe the allegedly dangerous ramp. *Id.*, at ¶ 23. However, Defendant Wathchem or any to-be-named manager may not be held individually liable for such alleged nonfeasance, as their responsibilities to inspect and maintain the ramp arose solely from their status as employees of Circle K. Indeed, Plaintiff expressly and verbatim alleged that Defendant Circle K breached its duty of care by failing to inspect or maintain the ramp in the exact same manner as Defendant Wathchem. Complaint, ¶ 20 ("Defendant [Circle K] . . . was negligent . . . [i]n failing to properly maintain [the] ramp; [i]n failing to inspect [the] ramp; [i]n failing to install non-skid material or to otherwise eradicate the slippery nature of the surface when wet; [i]n

4

failing to properly install railings for [the] ramp; and [i]n failing to properly post warning(s) about the condition(s) of said ramp."). That Plaintiff alleged the same "fail[ures]" between the named Defendants evidences Circle K and Ms. Wathchem's overlapping responsibilities as store owner and store employee.

Circle K owed Plaintiff a duty of care as a premises owner and occupier. A Georgia premises owner or occupier's non-delegable duty to invitees is created by statute. *Lau's Corp. v. Haskins*, 405 S.E.2d 474, 476 (Ga. 1991). O.C.G.A. § 51-3-1 provides that:

> Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

This duty does not render an owner or occupier an insurer of the invitee's safety but does require the owner or occupier to inspect the premises to discover possible dangerous conditions and take reasonable precautions to protect invitees from foreseeable dangers. *Robinson v. Kroger Co.*, 493 S.E.2d 403, 408-09 (Ga. 1997). It is obvious that the duty to inspect the premises falls on the agent, employees included, especially where the owner or occupier is a legal entity. The basis for this duty is that, when an owner or occupier invites others to his or her property to further the owner/occupier's own purposes, "the owner/occupier makes an implied representation that reasonable care has been exercised to make the place safe for those who come for that purpose." *Id.* at 409; *See also, Davis v. Atlanta*, 66 S.E.2d 188, 193 (Ga. App. 1951) ("Liability to invitees is not imposed merely because of ownership, but because of the invitation"). An owner/occupier's duty under O.C.G.A. § 51-3-1 is non-delegable, "even when the owner or occupier has a contract for another party to provide the work." *Camelot Club Condo. Ass'n v. Afari-Opoku*, 798 S.E.2d 241, 249 (Ga. App. 2017) (citing *Johnson v. Kimberly Clark*, 504 S.E.2d 536 (Ga. App. 1998)).

Where a negligence claim is based on the general non-delegable duty of a business, such

as the duty of a premises owner or occupier, an employee of that business will not be liable for his or her nonfeasance in discharging that duty on the business's behalf. *See*, *Pardue v. Ruiz*, 429 S.E.2d 912, 914 (Ga. 1993). This rule has been traditionally stated as, "an agent is ordinarily not liable for mere nonfeasance." *Taylor v. AmericasMart Real Estate, LLC*, 651 S.E.2d 754, 757 (Ga. App. 2007). Nonfeasance is "the total omission or failure of the agent to enter upon the performance of some distinct duty or undertaking which he has agreed with his principal to do." *Coffer v. Bradshaw*, 167 S.E. 119, 121 (Ga. App. 1932).

In *Pardue v. Ruiz*, construction workers who were injured when scaffolding on their jobsite collapsed sued the safety officer for the jobsite in his individual capacity. *Pardue*, *429* S.E.2d at 913. The plaintiffs claimed that the safety officer, who did not help build the scaffolding, negligently failed to supervise and inspect the jobsite and eliminate dangerous conditions, as he was required to do by the contract between the general contractor and the subcontractor (the plaintiff's employer). *Id.* at 913-14. In considering whether the safety officer was entitled to immunity from suit under the Georgia Workers' Compensation Act, the Georgia Supreme Court found that the plaintiffs' employer owed them a non-delegable duty to provide them a safe place to work and that the safety officer's duty to supervise and inspect the job site arose only in his capacity as the contractor's representative, not in his individual capacity. *Id.* at 914. The Court found that the plaintiffs' allegations that the safety officer failed to supervise, inspect the jobsite, and eliminate dangerous conditions constituted nonfeasance, and so these allegations could not impose liability upon the safety officer as an individual. *Id.* at 913. The Court noted that the safety officer would have been individually liable only if he had committed an affirmative act causing or increasing the risk of injury to [the plaintiffs]. *Id.* at 914.

Like the safety officer in *Pardue*, Defendant Wathchem is accused of failing to fulfill her responsibilities as the purported manager on duty to maintain and inspect the area where the Plaintiff slipped and fell. Like the safety officer's employer in *Pardue,* Circle K owed the Plaintiff a non-delegable duty to keep its premises safe, and this duty is fulfilled through agents of Circle K, including its employees. Any responsibility Defendant Wathchem or an actual manager on duty had to help Circle K fulfill said duty arose only in their capacity as employees of Circle K. Plaintiff's allegations that Defendant Wathchem failed to maintain, inspect, and make the ramp safe mirror the allegations against the safety officer in *Pardue* and constitute nonfeasance. Accordingly, neither Defendant Wathchem nor any to-be-named manager on duty can be held individually liable for this alleged nonfeasance in discharging Circle K's duty to Plaintiff to keep the store and approaches safe.

**III.     Plaintiff makes no allegation of misfeasance against Defendant Wathchem which would impose liability on her as an individual.**

As noted by the Georgia Supreme Court in *Pardue*, an agent of a business or corporation will be liable for injuries suffered by third persons because of the agent's misfeasance. *Pardue,* 429 S.E.2d at 914; *See also*, *Coffer v. Bradshaw*, 167 S.E. 119, 122 (Ga. App. 1932); O.C.G.A. § 10-6-85) ("All agents, by an express undertaking to that effect, may render themselves individually liable . . . for his own tortious act, whether acting by command of his principal or not, he shall be responsible . . ."). Misfeasance is "the improper doing of an act which the agent might lawfully do; or, in other words, it is the performing of his duty to his principal in such a manner as to infringe upon the rights and privileges of third persons." *Southern R. Co. v. Grizzle*, 53 S.E. 244, 245 (Ga. 1906). Misfeasance may involve some inaction or nonfeasance when an agent engages in an affirmative act or undertaking and then fails to exercise reasonable care in the performance of that act or undertaking. *See*, *Warnock v. Elliott*, 101 S.E.2d 591, 598 (Ga. App. 1957) (holding

that a sawmill's foreman could be individually liable for a third party's injuries where the foreman negligently started a fire on a windy day (misfeasance), and then failed to enclose the fire, failed to keep the premises free of litter and trash, failed to maintain fire equipment on the premises, and failed to try to contain the fire when it began to spread (nonfeasance) because "[t]he act of misfeasance . . . is so intermingled with the alleged facts of nonfeasance that we felt that the alleged acts of nonfeasance are positive factors involved in the act of misfeasance"). The agent's liability for misfeasance is "not based upon the ground of his agency, but upon the ground that he is a wrong-doer, and as such he is responsible for any injury he may cause." *Coffer*, 167 S.E. at 122.

Georgia Courts have applied the above agency principles to find that a business's employees individually owed the duty of premises owner or occupier to third party invitees when the employees engaged in affirmative acts of misfeasance. In *Coffer v. Bradshaw*, a minor child visited an oil mill to purchase cottonseed hulls. *Coffer v. Bradshaw*, 167 S.E. 119, 121 (Ga. App. 1932). The child went to the mill's office to inquire about the hulls, and employees told him to go, unaccompanied, to the mill's hull house. *Id.* Once in the hull house, the child stepped into a hidden conveyer belt, causing him injury which resulted in the amputation of his leg. *Id.* The plaintiff child sued the mill and the employees, alleging they were jointly negligent in sending the child alone to the hull house and without warning him of the danger presented by the hidden conveyer belt or otherwise protecting him from the danger. *Id.* On review, the Georgia Court of Appeals found that the employees owed the child the duty of care of a premises owner or occupier because they had invited him onto the premises where the injury occurred when they sent him to the hull house. *Id.* at 122. The Court further found that the employees could be liable for their failure to warn or protect the child from the dangerous condition, though these allegations constituted inaction or nonfeasance, because the employees had taken the affirmative act of inviting the child

into the hull house, thereby incurring the duty of an owner/occupier, without exercising reasonable care, and so had committed misfeasance. *Id.* The employees' duty to the child, the Court explained, was not imposed on the employees merely because of their status as agents for the mill, but because they had affirmatively committed a wrong against the child. *Id.*

Conversely, when there is no allegation that an employee or agent committed an affirmative act against the plaintiff or assumed the role of owner/occupier, Georgia Courts have found that a store employee is not liable for injuries to third parties caused by unsafe premises. In *Adams v. Sears*, the Georgia Court of Appeals reviewed the trial court's grant of summary judgment to a department store and its general manager. *Adams v. Sears*, 490 S.E.2d 150, 151 (Ga. App. 1997). The Plaintiff alleged that, while she was shopping, she stepped on a store hanger, lost her balance, and fell. *Id.* at 151-52. Plaintiff alleged that the manager failed to inspect and maintain the store where she fell. *Id.* The court unanimously found that the store manager was neither an owner nor occupier of the store and could not be held liable under O.C.G.A. § 51-3-1 as a matter of law. *Id.* at 153; *See also*, *Williams v. Nico Industries, Inc.*, 278 S.E.2d 677, 682 (Ga. App. 1981) (where there was no showing that a property manager owed any duty to invitees independent from the duty owed by the premises owner, the manager could not be held individually liable).

Plaintiff here claims that, at the time of her fall, Defendant Wathchem owed a duty to Plaintiff as manager on duty of the Circle K. Complaint, ¶ 22. Notably, Plaintiff made no allegation that Defendant Wathchem, in her individual capacity as manager, possessed or controlled the subject store such that she qualified as an owner or occupier under O.C.G.A. § 51-3-1. Without more, Defendant Wathchem's sole role as the manager on duty (if taken as true) does not impose upon her the duties of a premises occupier – the Georgia Court of Appeals issued that holding explicitly in *Adams*. Further, Plaintiff makes no allegation that Defendant Wathchem took any

affirmative action or committed any misfeasance against her which would have imposed on her

the duty of a premises occupier. Plaintiff does not claim that Defendant Wathchem directed her

towards the alleged dangerous condition without warning her of its presence. Indeed, Plaintiff does

not allege that Defendant Wathchem did anything at all on the day Plaintiff fell; she merely lists

the actions Defendant Wathchem allegedly did *not* perform. Because there is no claim in the

Plaintiff's Complaint of any misfeasance by Defendant Wathchem, she cannot be held liable as a

premises occupier under O.C.G.A. § 51-3-1 as a matter of law. For these same reasons, no future

manager that Plaintiff may name as a party defendant can be liable to Plaintiff in this action.

## IV.   Plaintiff will not be prejudiced by Defendant Wathchem's drop from this case.

Even if, for the sake of argument, Defendant Wathchem was negligent in the performance

of her job duties as Circle K store manager, this liability would be imputed to her employer Circle

K via the doctrine of *respondeat superior*. Indeed, O.C.G.A. § 51-2-2 codifies this doctrine that

employers can be held liable for the negligent acts commits by its employees while they were

"within the scope of [the employer's] business. O.C.G.A. § 51-2-2. When an employee is the cause

of an injury to another, "the test to determine if the [employer] is liable is whether or not the

[employee] was at the time of the injury acting within the scope of his employment and on the

business of the master." *Hicks v. Heard*, 692 S.E.2d 360, 361 (Ga. 2010).

Here, if Plaintiff's allegations are taken as true, there is no question that Defendant

Wathchem was acting within the scope of her employment at the time of Plaintiff's fall. Because

Defendant Wathchem was so acting, and absent any separate and distinct claims of negligence

against Defendant Wathchem in her individual capacity, any liability attributable to Defendant

Wathchem will necessarily be the responsibility of Defendant Circle K via the application of

*respondeat superior*. Accordingly, a proper drop as to Defendant Wathchem will not prejudice

10

Plaintiff as Circle K will still remain in the case and be liable to the extent Plaintiff can ultimately demonstrate that the alleged inactions of Defendant Wathchem proximately caused Plaintiff's injuries.

Moreover, and because of the doctrine of *respondeat superior*, Defendant Wathchem's drop would be timely despite the early posture of this case. Plaintiff has not alleged that Defendant Wathchem qualifies as a premises owner, or that Defendant Wathchem committed any misfeasance that would necessarily involve the exchange of written discovery and depositions in order to determine the extent of supervisory control Defendant Wathchem exerted over the Circle K store. In fact, Defendant's dual Answers and verified discovery responses provide Plaintiff all the evidence she needs to determine that Defendant Wathchem is an improper party to this action. By alleging only that Defendant Wathchem committed nonfeasance in the course and scope of her employment, and because of vicarious liability, Plaintiff need only look to Defendant Circle K for evidence in support of her negligence and premises liability claims. As such, Defendant Wathchem may be properly dropped from the case at this early juncture.

## CONCLUSION

Defendant Sue Wathchem was not the manager on duty and has no connection at all to this case. Even if she were the manager on duty as Plaintiff incorrect alleges, her responsibilities to supervise and inspect the Circle K store at the time of Plaintiff's fall arose entirely from her purported status as an employee of Circle K. Defendant Wathchem did not owe Plaintiff a duty as the premises occupier in her individual capacity, and Plaintiff has not alleged any misfeasance against Defendant Wathchem that would impose any other duty on Defendant Wathchem. Plaintiff's Complaint fails to identify a duty of care that Defendant Wathchem owed Plaintiff in

her individual capacity and therefore does not assert a valid claim for negligence against Defendant

Wathchem. Therefore, Defendant Wathchem should be dismissed from this case with prejudice.

Respectfully submitted,

**CARR ALLISON**

By: ___/s/ Sean W. Martin_____
           **SEAN W. MARTIN, GA BAR #474125**
           **STEPHEN A. SWANSON, GA BAR #759751**
           736 Market Street, Suite 1320
           Chattanooga, TN 37402
           Telephone: (423) 648-9832
           Facsimile: (423) 648-9869
           swmartin@carrallison.com
           sswanson@carrallison.com

           *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that on December 1, 2021, the foregoing document was electronically filed with the Clerk of Court using the PeachCourt Electronic Filing system, which will automatically send email notification of such filing to the following:

Ashleigh R. Madison, Esq.
Southeast Law, LLC
1703 Abercorn Street
Savannah, GA 31401

Franklin D. Hayes, Esq.
P.O. Box 2377
Douglas, GA 31534

This 1st day of December, 2021.

By: ___/s/ Sean W. Martin_____
           **SEAN W. MARTIN, GA BAR #474125**