EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

MAY 20, 2021 02:59 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| MARTHA WILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) |
| CIRCLE K STORES, INC. AND | ) |
| SUE WATHCHEM, | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff and files this, her Complaint against Defendants, and respectfully shows as follows:

### I.  PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of the State of Georgia.

2. Defendant Circle K Stores, Inc. is foreign profit corporation, duly authorized to transact business in the State of Georgia. Service of process on this Defendant may be perfected by serving its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

3. Upon information and belief, Defendant Sue Wathchem was the store manager at the time of the incident and is a citizen and resident of Muscogee County, Georgia. She can be served with process at her place of employment located at 1445 Veterans Parkway, Columbus, Georgia 31901.

4. The incident which gives rise to the lawsuit occurred in Muscogee County, Georgia.

5. This Court has jurisdiction over this matter and the parties.

## II.   **FACTUAL ALLEGATIONS**

6. Defendant Circle K Stores, Inc. owns and/or operates a convenience store at 1445 Veterans Parkway, Columbus, Georgia 31901.

7. Upon information and belief, at all relevant times, Defendant Sue Wathchem was the manager on duty for the subject store.

8. On November 15, 2019, Plaintiff was a customer at the aforementioned convenience store owned and/or operated by Defendant Circle K Stores, Inc.

9. As Plaintiff exited the building and began walking down the ramp, suddenly and without warning, Plaintiff slipped and fell on the ramp which was wet from rain.

10. Defendants' ramp had no rails to assist patrons as they were descending the ramp, nor did the ramp have any non-skid material on it.

11. At no time before Plaintiff's fall was Plaintiff ever warned of the condition of the ramp.

12. At no time before Plaintiff's fall did she have notice of the dangerous condition of the ramp.

13. Defendants knew or should have known about the dangerous condition of its ramp before Plaintiff's injury.

14. Defendants knew or should have known about that injury would likely result from Plaintiff's use of said ramp due to lack of proper railing and non-skid material.

15. Defendants were negligent in failing to maintain their premises and in failing to warn Plaintiff of the ramp's dangerous condition.

16. As a result of Defendant's actions and/or omissions, Plaintiff was injured.

2

17. All damages suffered by Plaintiff are the direct and proximate result of Defendants' actions and/or inactions.

### III. CAUSES OF ACTION

#### *Count I - Negligence*

18. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 17 as if fully contained herein.

19. As the owners and occupiers of the subject store, Defendant Circle K Stores, Inc. has a duty of ordinary care in keeping its premises safe to business invitees.

20. Defendant Circle K Stores, Inc., through its agents and/or employees was negligent in, but not limited to the following particulars:

    a)    In failing to properly maintain said ramp;

    b)    In failing to inspect said ramp;

    c)    In failing to install non-skid material or to otherwise eradicate the slippery nature of the surface when wet;

    d)    In failing to properly install railings for said ramp; and

    e)    In failing to properly post warning(s) about the condition(s) of said ramp.

21. Upon information and belief, Defendant Sue Wathchem was the store manager on the day of Plaintiff's injury.

22. As store manager, Defendant Sue Wathchem had a duty to inspect the subject store and its approaches for hazards which could injure business invitees such as Plaintiff.

23. As store manager, Defendant Sue Wathchem was negligent in, but not limited to, the following particulars:

    a)  In failing to properly maintain said ramp;

b) In failing to inspect said ramp;

c) In failing to install non-skid material or to otherwise eradicate the slippery nature of the surface when wet;

d) In failing to properly install railings for said ramp; and

e) In failing to properly post warning(s) about the condition(s) of said ramp.

24. Plaintiff is entitled to damages for the injuries she has sustained as result of Defendants' breach of duty.

*Count II- Premises Liability*

25. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 24 as if fully contained herein.

26. As the owners and occupiers of the subject store, Defendant Circle K. Stores, Inc. had a duty of ordinary care in keeping its premises safe to business invitees.

27. Plaintiff was present at the subject store, and was thus a business invitee to whom Defendants owed a duty of ordinary care.

28. Plaintiff's injuries were caused by the hazardous conditions on Defendants' premises.

29. Plaintiff was unaware as to this hazardous condition until the moment of his injury.

## IV. DAMAGES

30. Plaintiff re-alleges and incorporated by reference all allegations contained in paragraphs 1 through 29 as if fully contained herein.

31. As a result of Defendants' negligent acts, Plaintiff has incurred serious and substantial past and future medical expenses and has endured and will continue to endure physical and mental pain and suffering.

32. Plaintiff's injuries are permanent in nature, resulting in certain physical impairments.

4

33. Plaintiff's injuries and damages were proximately caused by the negligence of Defendants.

**WHEREFORE,** Plaintiff prays:

(a)   That Defendants be served with Summons and Complaint;

(b)   That Plaintiff be awarded damages, as described above, in an amount to be proven at trial;

(c)   That Plaintiff be awarded general compensatory damages in an amount to be deemed

appropriate in the impartial and enlightened conscience of a jury; and

(d)   For such other and further relief as this Court deems just and proper.


This, the 20th day of May, 2021.


/s/ Ashleigh R. Madison
Ashleigh R. Madison
Georgia Bar No. 346027

**Southeast Law LLC**
1703 Abercorn Street
Savannah, Georgia  31401
912.662.6612
southeastlaw@gmail.com


/s/ Franklin D. Hayes
Franklin D. Hayes
Georgia Bar No. 339910


Post Office Box 2377
Douglas, GA 31534
Phone: 912.383.6132

5

**EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

MAY 20, 2021 02:59 PM

Danielle F. Forte, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

MARTHA WILLIAMS,                    )
                                    )
          Plaintiff,                )
                                    )
v.                                  )   Civil Action No. _____
                                    )
CIRCLE K STORES, INC. AND           )
SUE WATCHEM,                        )
                                    )
          Defendants.               )


## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

**COME NOW,** Plaintiff, and file this, her First Interrogatories to Defendants and require the Defendants to answer the following under oath and in writing pursuant to O.C.G.A. §9-11-33 within forty-five (45) days from the date of service hereof as follows:

**NOTE A:** When used in these interrogatories, the phrases "Defendants", "individuals in question", "you", or any synonym thereof are intended to and shall embrace and include, in addition to the Defendants, individually, Defendants' attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of Defendants.

**NOTE B:** Throughout these interrogatories, wherever Defendants are requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a)   By whom it was made, and to whom;

(b)   The date upon which it was made;

(c)   Who else was present when it was made;

(d)   Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

NOTE C:   Throughout these interrogatories, wherever Defendants are requested to identify a communication, letter, document, memorandum, report, or record of any type and such communication was written, the following information should be furnished:

(a)   A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

(b)   By whom it was made and to whom it was addressed;

(c)   The date upon which it was made; and

(d)   The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

NOTE D:   Throughout these interrogatories, wherever Defendants are requested to identify a person, the following information should be furnished:

(a)   The person's full name;

(b)   His or her present home and business address and telephone number at each address;

(c)   His or her occupation; and

(d)   His or her place of employment.

NOTE E:   These interrogatories shall be deemed continuing to the extent required by law.  You are required to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person expected to be called as an expert witness at trial, the subject

matter on which he is expected to testify and the substance of his testimony; (2) amend any prior response if you subsequently learn that the original response was incorrect or if you learned that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment; and (3) provide such other supplementary responses required by law.

1.

Please state the names, addresses, and telephone numbers of all witnesses known to you who say or who claim they saw all or any part of the occurrence or who may possess relevant knowledge to any subject matter which is complained of in this action and provide a detailed explanation of their knowledge.

2.

Please state the names, addresses and telephone numbers of all persons who have given statements, whether written or oral to you, your attorney, your insurance carrier, or anyone else to our knowledge, covering the facts and circumstances of the incident that is the subject matter of this litigation, listing for each such statement, the date of the same, to whom the statement was given, and who is in possession of such statement.

3.

Please give your contentions of how the incident complained of happened and state all facts which support these contentions, and the actions of all individuals involved.

4.

If you contend that some other person or legal entity is, in whole or in part, liable

to the Plaintiff in this matter, state its full name, address and telephone number and describe in detail the basis of such liability.

5.

Set forth the names and addresses of all insurance companies which have liability insurance coverage relating to the matter alleged in the complaint, the number or numbers of such policies, the amount of liability coverage provided in each policy, the named insured in the same, and whether said policy excludes coverage for punitive damages.

6.

Set forth the names and addresses of each person who has investigated and/or made studies, or taken any statements related to the incident complained of in the complaint.

7.

Please state the following in regard to every document which you contend may have some relevancy in this case to Plaintiff's Complaint or any defense raised by a party:

(a)   The date, title, and a summary of the contents of said document;

(b)   The name and address of the author of the document; and

(c)   The name and address of the custodian of the document.

8.

Did anyone photograph or videotape any subject matter which may be relevant to this action? If so, state when the photographs and/or videotapes were taken, who took the photographs/videotapes and who currently has possession of the photographs/videotapes.

9.

Identify the full name, address and telephone number of each expert, whom you

expect to call as an expert witness at the trial of this case and, as to each expert so identified, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

10.

Do you contend there are any admissions made by the Plaintiff or any other party in this case? If the answer is in the affirmative, and any purported admission was oral, please state the date the admission was made, and the witnesses to said admissions. If the admission was made in writing, please state the title of the document, the name of the author of the document, a summary of the contents of the document, the date of the document, and the name, address and telephone number of the custodian of the document.

11.

Identify all evidence, including documents, physical evidence and witnesses possessing knowledge of such evidence, which you contend supports your defenses as set forth in your Answer.

12.

Please identify the name(s) and last known address of the store manager on duty on the day and at the time of Plaintiff's fall.

13.

Please identify the name(s) and last known address of any and all employees within 200 feet of Plaintiff's fall.

14.

Please identify the name(s) and last known addresses of any and all employees on

duty on the day and time of Plaintiff's fall and the area of the store to which they were assigned.

This 20th day of May, 2021.

/s/ Ashleigh R. Madison
Ashleigh R. Madison
State Bar No. 346027

Southeast Law, LLC
1703 Abercorn Street
Savannah, Georgia 31401
Phone: 912.662.6612
Fax: 877.417.2943
southeastlaw@gmail.com

🍎 EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2021CV000722**

MAY 20, 2021 02:59 PM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MARTHA WILLIAMS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| CIRCLE K STORES, INC. AND | ) |
| SUE WATHCHEM, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
## DOCUMENTS TO DEFENDANTS

**COMES NOW**, Plaintiff in the above-styled action, and requires that the above referenced

Defendants, pursuant to O.C.G.A. §9-11-34, produce for inspection and copying at the offices of

the Plaintiff's attorney of record, Ashleigh R. Madison at Southeast Law, LLC, 1703

Abercorn Street, Savannah, Georgia 31401, the following documents within forty-five (45) days

of the date of service of this request. Plaintiff requests that, along with the production of

documents, a written response be made detailing the documents produced and any documents

covered by these requests which the Defendants object to producing.

**NOTE A:** These requests are continuous and should be supplemented if additional

information is received at a later date.

**NOTE B:** If documents requested are not in the Defendants' possession, please state as

follows:

(1)  name of person who has possession or knowledge of the whereabouts of these documents;

(2)  business address of such person;

(3)  business telephone number of such person.

NOTE C:   If you claim that a privilege applies to any document sought by this request, then state the factual and legal basis for the claimed privilege and identify the document (by date, author, recipient, general subject matter) so that it can be described in a motion to compel.

1.

All witness statements related to the incident complained of in the Complaint.

2.

A copy of any insurance policy covering the incident which is the subject of the Complaint.

3.

A copy of any photographs which were taken at or around the time of the subject incident.

4.

A copy of any video footage reflecting the incident.

5.

A copy of any documents provided to expert witnesses.

6.

A copy of any and all incident reports involving Defendants.

7.

A copy of any documents referenced in your response to Plaintiff's First Interrogatories.

8.

Any document on which the Defendants will rely in the defense of this action.

9.

You are requested to produce any and all correspondence directed to each expert witness identified in your response to Plaintiff's Interrogatories which describes or refers in any way to the facts of the case, the materials provided for his or her review, the review or analysis he or she was requested to perform, or the fee paid.

10.

A copy of any and all physical evidence you intend to produce at the trial of this case.

This 20th day of May, 2021.

/s/ Ashleigh R. Madison
Ashleigh R. Madison
Georgia Bar No: 346027
Attorney for Plaintiff

**Southeast Law LLC**
1703 Abercorn Street
Savannah, GA 31401
912.662.6612
southeastlaw@gmail.com

**STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

MAY 20, 2021 02:59 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER   <u>SC2021CV000722</u>

Williams , Martha

_____

**PLAINTIFF**

                                                **VS.**

Circle K Stores, Inc.
Wathchem, Sue

_____

**DEFENDANTS**

                    **SUMMONS**

TO: CIRCLE K STORES, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Ashleigh R. Madison**
> **Southeast Law, LLC**
> **1703 Abercorn Street**
> **Savannah, Georgia 31401**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 20th day of May, 2021.**

                         Clerk of State Court

_____

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

**STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

📠 **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2021CV000722**

**MAY 20, 2021 02:59 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2021CV000722</u>

Williams , Martha

_____
**PLAINTIFF**
                                        **VS.**

Circle K Stores, Inc.
Wathchem, Sue

_____
**DEFENDANTS**

**SUMMONS**

TO: WATHCHEM, SUE

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Ashleigh R. Madison**
**Southeast Law, LLC**
**1703 Abercorn Street**
**Savannah, Georgia 31401**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 20th day of May, 2021.**

Clerk of State Court

_____
*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

## General Civil and Domestic Relations Case Filing Information Form

⚡ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

☐ Superior or ☑ State Court of  Muscogee          **County** **SC2021CV000722**

**MAY 20, 2021 02:59 PM**

| For Clerk Use Only | |
|---|---|
| **Date Filed** 05-20-2021 | **Case Number** SC2021CV000722 |
| **MM-DD-YYYY** | *Danielle F. Forté* |
| | Danielle F. Forté, Clerk |
| | Muscogee County, Georgia |

### Plaintiff(s)

Williams , Martha

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

### Defendant(s)

Circle K Stores, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Wathchem, Sue

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Madison, Ms. Ashleigh R.          **Bar Number** 346027          **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                   **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

SHERIF  ITRY OF SERVICE

Civil A        SC2021CV000722

Date Filed MAY 20, 2021

Attorney's Address

Ashleigh R. Madison

Southeast Law, LLC

1703 Abercorn Street
Savannah, GA 31401
Name and Address of Party to Served

Circle K stores, Inc.

C/o corporation service company

2 Sun Court, Suite 400
Peachtree Corners, GA 30092

Superior Court ☐
State Court ☒
Juvenile Court ☐

Magistrate Court ☐
Probate Court ☐

EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

JUN 17, 2021 02:22 PM

Danielle F. Forté, Cle
Muscogee County, Georg

Georgia, Muscogee     COUNTY

Williams, Martha

Plaintiff

VS.

Circle K stores, Inc.,

Watncnem, Sue

Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** Circle K Stores, Inc
Served the defendant _____ a corporation
by leaving a copy of the within action and summons with     Alisha Smith
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This   4   day of   JUNE   , 2021.

DEPUTY

**CLERK'S COPY**

Sgt. JORDAN

SHERIFF'S ENTRY OF SERVICE

Civil A_____   SC2021CV000722

|  | Superior Court ☐ | Magistrate Court ☐ |
|---|---|---|
|  | State Court ☒ | Probate Court ☐ |
|  | Juvenile Court ☐ |  |

Date Filed  MAY 20, 2021

Georgia,  MUSCOGEE  COUNTY

Williams, Martha

_____ Plaintiff

Attorney's Address

Ashleigh R. Madison
Southeast Law, LLC
1703 Abercorn Street
Savannah, GA 31401

VS.

Name and Address of Party to Served

Circle K Stores, Inc.
c/o corporation service company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

Circle K Stores, Inc.,
Watnchem, Sue

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant  Circle K Stores, Inc  a corporation
by leaving a copy of the within action and summons with  Alisha Smith
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail. First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons. with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This  4  day of  JUNE , 20 21 .

_____ S/A JORDAN

DEPUTY

**CLERK'S COPY**

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

**JUL 02, 2021 04:00 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MARTHA WILLIAMS,** | * | |
| | * | |
| Plaintiff, | * | CASE NO. 2021-CV-000722 |
| | * | |
| v. | * | |
| | * | JURY DEMANDED |
| **CIRCLE K STORES, INC.** | * | |
| **and SUE WATHCHEM,** | * | |
| | * | |
| Defendants. | * | |

### ANSWER OF DEFENDANT CIRCLE K STORES, INC.

COMES NOW Defendant Circle K Stores, Inc. ("Circle K"), by and through undersigned counsel, to provide its Answer to the Complaint for Damages filed by the Plaintiff, Martha Williams against Circle K and Sue Wathchem ("Ms. Wathchem").

### FIRST DEFENSE

In response to the specifically-enumerated paragraphs of Ms. Williams's Complaint for Damages, the Circle K states as follows:

### I.    PARTIES, JURISDICTION & VENUE

1.    Circle K is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph one.

2.    Circle K admits the averments of paragraph two.

3.    Circle K denies Ms. Wathchem is a proper party to this action. Circle K admits the remaining averments of paragraph three.

4.    Circle K denies the averments of paragraph four as pled.

5.    Circle K admits the averments of paragraph five.

### FACTUAL ALLEGATIONS

6.    Circle K admits the averments of paragraph six.

7.      Circle K admits Ms. Wathchem was the manager on duty but denies she is a proper party to this action.

8.      Circle K is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eight and therefore deny them and demand strict proof thereof.

9.      Circle K is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph nine and therefore deny them and demand strict proof thereof.

10.     Circle K denies the averments of paragraph ten.

11.     Circle K denies the averments of paragraph eleven.

12.     Circle K denies the averments of paragraph twelve.

13.     Circle K denies the averments of paragraph thirteen.

14.     Circle K denies the averments of paragraph fourteen.

15.     Circle K denies the averments of paragraph fifteen.

16.     Circle K denies the averments of paragraph sixteen.

17.     Circle K denies the averments of paragraph seventeen.

### III.    CAUSES OF ACTION
*Count I – Negligence*

18.     Circle K restates and incorporates its responses to paragraphs one through seventeen as if fully stated herein.

19.     Circle K denies the averments of paragraph nineteen as stated.

20.     Circle K denies the averments of paragraph twenty and subparagraphs (a) through (e) thereto.

21.     Circle K admits the averments of paragraph twenty-one, but denies Ms. Wathchem is a proper party to this action.

22.     Circle K denies the averments of paragraph twenty-two.

23.     Circle K denies the averments of paragraph twenty-three and subparagraphs (a) through (e) thereto.

24.     Circle K denies the averments of paragraph twenty-four.

### *Count II – Premises Liability*

25.     Circle K restates and incorporates its responses to paragraphs one through twenty-four as if fully stated herein.

26.     Circle K denies the averments of paragraph twenty-six as pled.

27.     Circle K denies the averments of paragraph twenty-seven as pled.

28.     Circle K denies the averments of paragraph twenty-eight.

29.     Circle K denies the averments of paragraph twenty-nine.

### IV.    DAMAGES

30.     Circle K restates and incorporates its responses to paragraphs one through twenty-nine as if fully stated herein.

31.     Circle K denies the averments of paragraph thirty-one.

32.     Circle K denies the averments of paragraph thirty-two.

33.     Circle K denies the averments of paragraph thirty-three.

34.     Circle K denies Ms. Williams is entitled to any of the relief sought in her unnumbered thirty-fourth paragraph or subparagraphs (a) through (d) thereto, which appear to be a prayer for relief.

### **SECOND DEFENSE**

Ms. Williams's Complaint for Damages fails to state a claim against either of the Defendants upon which relief can be granted.

3

### THIRD DEFENSE

Circle K and its agents, employees, and representatives did not breach any duty of care owed to Ms. Williams.

### FOURTH DEFENSE

Ms. Williams had equal or superior knowledge of any alleged dangerous or hazardous condition presented by the ramp as described in the complaint, and, as such, Defendants cannot be held liable.

### FIFTH DEFENSE

Circle K denies Ms. Wathchem is a proper party to this action because she is not an "owner" or "occupier" of land within the provisions of O.C.G.A. § 51-3-1. As such, Ms. Wathchem should be immediately dismissed as a named defendant from this action.

### SIXTH DEFENSE

The Defendants did not breach any duty of cared owed to Ms. Williams.

### SEVENTH DEFENSE

Circle K plead the modified comparative fault of Ms. Williams in mitigation or as a complete bar to any recover by Ms. Williams against the Defendants. Ms. Williams so carelessly and negligently conducted herself that she, by her own negligence, directly and proximately caused her own alleged injuries. Ms. Williams's own commissions constituted negligence, and her fault is greater than that of the Defendants, if either of the Defendants are at fault at all. Thus, Ms. Williams should recover nothing from either of the Defendants. In the alternative, Ms. Williams's damages should be reduced in proportion to the percentage of fault attributable to her.

**EIGHTH DEFENSE**

Circle K specifically avers that, to the extent a dangerous condition existed on its premises at the time of the alleged incident, the condition described in Ms. Williams's Complaint for Damages was open and obvious, and Ms. Williams had equal or superior knowledge of its existence.

**NINTH DEFENSE**

Ms. Williams failed to take reasonable steps to minimize or prevent the damages she claims to have suffered.

**TENTH DEFENSE**

Any and all allegations not heretofore admitted, explained, or denied are here and now denied as set forth as though specifically denied therein.

**ELEVENTH DEFENSE**

Circle K reserves its right to amend this Answer to include such other and further defenses as may become apparent through further and subsequent investigation and discovery.

**WHEREFORE**, having answered the Complaint for Damages, Defendant Circle K Stores, Inc. respectfully prays that this Court dismiss Ms. Williams's Complaint for Damages, with prejudice, and tax all applicable court costs to Ms. Williams. In the alternative, Circle K demands a jury of twelve to try all issues.

Respectfully submitted,

**CARR ALLISON, PC**

By: ___/s/____ Sean W. Martin_____

**SEAN W. MARTIN, GA BPR #474125**
*Attorney for Defendants*
736 Market Street, Suite 1320
Chattanooga, TN 37402
(423) 648-9832 / (423) 648-9869 FAX
swmartin@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Ashleigh R. Madison, Esq.                      Franklin D. Hayes, Esq.
Southeast Law, LLC                             P.O. Box 2377
1703 Abercorn Street                           Douglas, GA 31534
Savannah, GA 31401

By: ___/s/____ Sean W. Martin_____

**SEAN W. MARTIN, GA BPR #474125**

6

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

JUL 02, 2021 04:00 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA**

MARTHA WILLIAMS,                          *
                                          *
    Plaintiff,                            *          CASE NO. 2021-CV-000722
                                          *
v.                                        *
                                          *          JURY DEMANDED
CIRCLE K STORES, INC.                     *
and SUE WATHCHEM,                         *
                                          *
    Defendants.                           *

**ANSWER OF DEFENDANT SUE WATHCHEM**

COMES NOW Defendant Sue Wathchem ("Ms. Wathchem"), by and through undersigned counsel, to provide her Answer to the Complaint for Damages filed by the Plaintiff, Martha Williams against her and Defendant Circle K Stores, Inc. ("Circle K").

**FIRST DEFENSE**

In response to the specifically-enumerated paragraphs of Ms. Williams's Complaint for Damages, the Ms. Wathchem states as follows:

**I.     PARTIES, JURISDICTION & VENUE**

1.    Ms. Wathchem is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph one.

2.    Ms. Wathchem admits the averments of paragraph two.

3.    Ms. Wathchem denies she is a proper party to this action. Ms. Wathchem admits the remaining averments of paragraph three.

4.    Ms. Wathchem denies the averments of paragraph four as pled.

5.    Ms. Wathchem admits the averments of paragraph five.

**FACTUAL ALLEGATIONS**

6.    Ms. Wathchem admits the averments of paragraph six.

7.      Ms. Wathchem admits she was the manager on duty but denies she is a proper party to this action.

8.      Ms. Wathchem is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eight and therefore deny them and demand strict proof thereof.

9.      Ms. Wathchem is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph nine and therefore deny them and demand strict proof thereof.

10.     Ms. Wathchem denies the averments of paragraph ten.

11.     Ms. Wathchem denies the averments of paragraph eleven.

12.     Ms. Wathchem denies the averments of paragraph twelve.

13.     Ms. Wathchem denies the averments of paragraph thirteen.

14.     Ms. Wathchem denies the averments of paragraph fourteen.

15.     Ms. Wathchem denies the averments of paragraph fifteen.

16.     Ms. Wathchem denies the averments of paragraph sixteen.

17.     Ms. Wathchem denies the averments of paragraph seventeen.

### III.     CAUSES OF ACTION
*Count I – Negligence*

18.     Ms. Wathchem restates and incorporates her responses to paragraphs one through seventeen as if fully stated herein.

19.     Ms. Wathchem denies the averments of paragraph nineteen as stated.

20.     Ms. Wathchem denies the averments of paragraph twenty and subparagraphs (a) through (e) thereto.

21.     Ms. Wathchem admits the averments of paragraph twenty-one, but denies she is a proper party to this action.

22.     Ms. Wathchem denies the averments of paragraph twenty-two.

23.     Ms. Wathchem denies the averments of paragraph twenty-three and subparagraphs (a) through (e) thereto.

24.     Ms. Wathchem denies the averments of paragraph twenty-four.

### Count II – Premises Liability

25.     Ms. Wathchem restates and incorporates her responses to paragraphs one through twenty-four as if fully stated herein.

26.     Ms. Wathchem denies the averments of paragraph twenty-six as pled.

27.     Ms. Wathchem denies the averments of paragraph twenty-seven as pled.

28.     Ms. Wathchem denies the averments of paragraph twenty-eight.

29.     Ms. Wathchem denies the averments of paragraph twenty-nine.

### IV.     DAMAGES

30.     Ms. Wathchem restates and incorporates her responses to paragraphs one through twenty-nine as if fully stated herein.

31.     Ms. Wathchem denies the averments of paragraph thirty-one.

32.     Ms. Wathchem denies the averments of paragraph thirty-two.

33.     Ms. Wathchem denies the averments of paragraph thirty-three.

34.     Ms. Wathchem denies Ms. Williams is entitled to any of the relief sought in her unnumbered thirty-fourth paragraph or subparagraphs (a) through (d) thereto, which appear to be a prayer for relief.

### SECOND DEFENSE

Ms. Williams's Complaint for Damages fails to state a claim against either of the Defendants upon which relief can be granted.

### THIRD DEFENSE

Circle K and its agents, employees, and representatives, including Ms. Wathchem, did not breach any duty of care owed to Ms. Williams.

### FOURTH DEFENSE

Ms. Williams had equal or superior knowledge of any alleged dangerous or hazardous condition presented by the ramp as described in the complaint, and, as such, Defendants cannot be held liable.

### FIFTH DEFENSE

Ms. Wathchem denies she is a proper party to this action because she is not an "owner" or "occupier" of land within the provisions of O.C.G.A. § 51-3-1. As such, Ms. Wathchem should be immediately dismissed as a named defendant from this action.

### SIXTH DEFENSE

Ms. Wathchem did not breach any duty of cared owed to Ms. Williams.

### SEVENTH DEFENSE

Ms. Wathchem pleads the modified comparative fault of Ms. Williams in mitigation or as a complete bar to any recover by Ms. Williams against the Defendants. Ms. Williams so carelessly and negligently conducted herself that she, by her own negligence, directly and proximately caused her own alleged injuries. Ms. Williams's own commissions constituted negligence, and her fault is greater than that of the Defendants, if either of the Defendants are at fault at all. Thus, Ms.

Williams should recover nothing from either of the Defendants. In the alternative, Ms. Williams's

damages should be reduced in proportion to the percentage of fault attributable to her.

### EIGHTH DEFENSE

Ms. Wathchem specifically avers that, to the extent a dangerous condition existed on Circle

K's premises at the time of the alleged incident, the condition described in Ms. Williams's

Complaint for Damages was open and obvious, and Ms. Williams had equal or superior knowledge

of its existence.

### NINTH DEFENSE

Ms. Williams failed to take reasonable steps to minimize or prevent the damages she claims

to have suffered.

### TENTH DEFENSE

Any and all allegations not heretofore admitted, explained, or denied are here and now

denied as set forth as though specifically denied therein.

### ELEVENTH DEFENSE

Ms. Wathchem reserves her right to amend this Answer to include such other and further

defenses as may become apparent through further and subsequent investigation and discovery.

**WHEREFORE**, having answered the Complaint for Damages, Defendant Sue Wathchem.

respectfully prays that this Court dismiss Ms. Williams's Complaint for Damages, with prejudice,

and tax all applicable court costs to Ms. Williams. In the alternative, Ms. Wathchem demands a

jury of twelve to try all issues.

Respectfully submitted,

**CARR ALLISON, PC**

By: ___/s/___ Sean W. Martin_____
              **SEAN W. MARTIN, GA BPR #474125**
              *Attorney for Defendants*
              736 Market Street, Suite 1320
              Chattanooga, TN 37402
              (423) 648-9832 / (423) 648-9869 FAX
              swmartin@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Ashleigh R. Madison, Esq. | Franklin D. Hayes, Esq. |
| Southeast Law, LLC | P.O. Box 2377 |
| 1703 Abercorn Street | Douglas, GA 31534 |
| Savannah, GA 31401 | |

By: ___/s/___ Sean W. Martin_____
              **SEAN W. MARTIN, GA BPR #474125**

🖳 **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

**JUL 02, 2021 04:00 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MARTHA WILLIAMS,** | * | |
| | * | |
| Plaintiff, | * | CASE NO. 2021-CV-000722 |
| | * | |
| v. | * | |
| | * | **JURY DEMANDED** |
| **CIRCLE K STORES, INC.** | * | |
| **and SUE WATHCHEM,** | * | |
| | * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE OF DISCOVERY

COME NOW the Defendants, Circle K Stores, Inc. ("Circle K") and Sue Wathchem ("Ms. Wathchem") (collectively, the "Defendants"), by and through undersigned counsel and pursuant to Uniform Rule 5.2(2) to certify the service of copies of the following documents to the Plaintiff, Martha Williams:

- Defendants' First Set of Interrogatories to Plaintiff

- Defendants' First Set of Requests for Production of Documents to Plaintiff

Service of the foregoing documents was completed by placing copies of the same in a sealed envelope and mailing them, postage prepaid, to:

Ashleigh R. Madison, Esq.            Franklin D. Hayes, Esq.
Southeast Law, LLC                   P.O. Box 2377
1703 Abercorn Street                 Douglas, GA 31534
Savannah, GA 31401

This 2nd day of July, 2021.

Respectfully submitted,

**CARR ALLISON, PC**

By:  ___/s/___   Sean W. Martin_____
               **SEAN W. MARTIN, GA BPR #474125**
               *Attorney for Defendants*
               736 Market Street, Suite 1320
               Chattanooga, TN 37402
               (423) 648-9832 / (423) 648-9869 FAX
               swmartin@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Ashleigh R. Madison, Esq. | Franklin D. Hayes, Esq. |
| Southeast Law, LLC | P.O. Box 2377 |
| 1703 Abercorn Street | Douglas, GA 31534 |
| Savannah, GA 31401 | |

By:  ___/s/___   Sean W. Martin_____
               **SEAN W. MARTIN, GA BPR #474125**

2

EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

AUG 20, 2021 03:41 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **MARTHA WILLIAMS,** | * |
| | * |
| Plaintiff, | *    CASE NO. 2021-CV-000722 |
| | * |
| v. | * |
| | *    JURY DEMANDED |
| **CIRCLE K STORES, INC.** | * |
| **and SUE WATHCHEM,** | * |
| | * |
| Defendants. | * |

## NOTICE OF ENTRY OF APPEARANCE OF ADDITIONAL COUNSEL

**COMES NOW**, Stephen A. Swanson of the law firm of Carr Allison, and pursuant to

Uniform Superior Court Rule 4.2, files this Notice of Entry of Appearance of Additional Counsel

on behalf of Defendants Circle K Stores, Inc. and Sue Wathchem. Accordingly, copies of all

notices, legal documents, and/or correspondence relating to this matter should be served as

follows:

> Stephen A. Swanson, Esq.
> Carr Allison
> 736 Market Street, Suite 1320
> Chattanooga, TN 37402
> Telephone: (423) 497-0012
> Facsimile: (423) 648-9869
> sswanson@carrallison.com

This 20th day of August, 2021.

> **CARR ALLISON**
>
> By:    /s/ Stephen A. Swanson
>       **STEPHEN A. SWANSON GA Bar No. 759751**
>       *Attorney for Defendants*
>       736 Market Street, Suite 1320
>       Chattanooga, TN 37402
>       Telephone: (423) 497-0012
>       Facsimile: (423) 648-9869
>       sswanson@carrallison.com

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that the foregoing document has been delivered to all counsel for parties in this cause by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

Ashleigh R. Madison, Esq.            Franklin D. Hayes, Esq.
Southeast Law, LLC                   P.O. Box 2377
1703 Abercorn Street                 Douglas, GA 31534
Savannah, GA 31401

This 20th day of August, 2021.

                    **CARR ALLISON**

                    By:   /s/ Stephen A. Swanson
                    **STEPHEN A. SWANSON GA Bar No. 759751**
                         Georgia Bar No. 759751
                         *Attorney for Defendants*

2

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

OCT 06, 2021 03:53 PM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

|                                        |        |                            |
|----------------------------------------|--------|----------------------------|
| **MARTHA WILLIAMS,**                   | *      |                            |
|                                        | *      |                            |
| Plaintiff,                             | *      | CASE NO. 2021-CV-000722    |
|                                        | *      |                            |
| v.                                     | *      |                            |
|                                        | *      | JURY DEMANDED              |
| **CIRCLE K STORES, INC.**              | *      |                            |
| **and SUE WATHCHEM,**                  | *      |                            |
|                                        | *      |                            |
| Defendants.                            | *      |                            |

## CERTIFICATE OF SERVICE OF DISCOVERY

Pursuant to Uniform Rule 5.2(2), I hereby certify that I have this day served a copy of Defendants Circle K Stores, Inc. and Sue Wathchem's Responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents by placing the same in a sealed envelope and placing in the United States mail, postage pre-paid, addressed to:

Ashleigh R. Madison, Esq.          Franklin D. Hayes, Esq.
Southeast Law, LLC                 P.O. Box 2377
1703 Abercorn Street               Douglas, GA 31534
Savannah, GA 31401

This 6th day of October, 2021.

Respectfully submitted,

**CARR ALLISON, PC**

By: _____

**SEAN W. MARTIN, GA BPR #474125**
*Attorney for Defendants*
736 Market Street, Suite 1320
Chattanooga, TN 37402
(423) 648-9832 / (423) 648-9869 FAX
swmartin@carrallison.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that on October 6, 2021, the foregoing document was electronically filed with the Clerk of Court using the PeachCourt Electronic Filing system, which will automatically send email notification of such filing to the following:

| | |
|---|---|
| Ashleigh R. Madison, Esq. | Franklin D. Hayes, Esq. |
| Southeast Law, LLC | P.O. Box 2377 |
| 1703 Abercorn Street | Douglas, GA 31534 |
| Savannah, GA 31401 | |

This 6th day of October, 2021.

By: _____

**SEAN W. MARTIN, GA BPR #474125**

2

⬧ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

OCT 06, 2021 03:53 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

MARTHA WILLIAMS,                          *
                                          *
        Plaintiff,                        *        CASE NO. 2021-CV-000722
                                          *
v.                                        *
                                          *        JURY DEMANDED
CIRCLE K STORES, INC.                     *
and SUE WATHCHEM,                         *
                                          *
        Defendants.                       *

## AMENDED ANSWER OF DEFENDANT CIRCLE K STORES, INC.

COMES NOW Defendant Circle K Stores, Inc. ("Circle K"), by and through undersigned counsel, to provide its Amended Answer to the Complaint for Damages filed by the Plaintiff, Martha Williams against Circle K and Sue Wathchem ("Ms. Wathchem").

### FIRST DEFENSE

In response to the specifically-enumerated paragraphs of Ms. Williams's Complaint for Damages, Circle K states as follows:

### I.      PARTIES, JURISDICTION & VENUE

1.      Circle K is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph one.

2.      Circle K admits the averments of paragraph two.

3.      Circle K denies the averments of paragraph three, including that Ms. Wathchem is a proper party to this action, that she was the store manager at the time of the incident that forms the basis of this lawsuit, and that she worked at and may be served at 1145 Veterans Parkway, Columbus, Georgia 31901. To Circle K's knowledge, the incident that forms the basis of this lawsuit occurred at 1408 Veterans Parkway, Columbus, GA 31901.

4.      Circle K denies the averments of paragraph four as pled.

5.      Circle K admits the averments of paragraph five.

## FACTUAL ALLEGATIONS

6.      Circle K admits the averments of paragraph six, but denies that the incident that forms the basis of this lawsuit occurred at 1145 Veterans Parkway, Columbus, Georgia 31901. To Circle K's knowledge, the incident that forms the basis of this lawsuit occurred at 1408 Veterans Parkway, Columbus, GA 31901.

7.      Circle K denies that Ms. Wathchem was the manager on duty and denies that she is a proper party to this action.

8.      Circle K is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eight and therefore deny them and demand strict proof thereof.

9.      Circle K is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph nine and therefore deny them and demand strict proof thereof.

10.     Circle K denies the averments of paragraph ten.

11.     Circle K denies the averments of paragraph eleven.

12.     Circle K denies the averments of paragraph twelve.

13.     Circle K denies the averments of paragraph thirteen.

14.     Circle K denies the averments of paragraph fourteen.

15.     Circle K denies the averments of paragraph fifteen.

16.     Circle K denies the averments of paragraph sixteen.

17.     Circle K denies the averments of paragraph seventeen.

### III.    CAUSES OF ACTION
#### *Count I – Negligence*

18.     Circle K restates and incorporates its responses to paragraphs one through seventeen as if fully stated herein.

2

19.     Circle K denies the averments of paragraph nineteen as stated.

20.     Circle K denies the averments of paragraph twenty and subparagraphs (a) through (e) thereto.

21.     Circle K denies the averments of paragraph twenty-one and denies that Ms. Wathchem is a proper party to this action.

22.     Circle K denies the averments of paragraph twenty-two. Ms. Wathchem was not the manger on duty on the date of the incident that forms that basis of this lawsuit.

23.     Circle K denies the averments of paragraph twenty-three and subparagraphs (a) through (e) thereto. Ms. Wathchem was not the manger on duty on the date of the incident that forms that basis of this lawsuit.

24.     Circle K denies the averments of paragraph twenty-four.

### *Count II – Premises Liability*

25.     Circle K restates and incorporates its responses to paragraphs one through twenty-four as if fully stated herein.

26.     Circle K denies the averments of paragraph twenty-six as pled.

27.     Circle K denies the averments of paragraph twenty-seven as pled.

28.     Circle K denies the averments of paragraph twenty-eight.

29.     Circle K denies the averments of paragraph twenty-nine.

### IV.     DAMAGES

30.     Circle K restates and incorporates its responses to paragraphs one through twenty-nine as if fully stated herein.

31.     Circle K denies the averments of paragraph thirty-one.

32.     Circle K denies the averments of paragraph thirty-two.

33.     Circle K denies the averments of paragraph thirty-three.

34.     Circle K denies Ms. Williams is entitled to any of the relief sought in her unnumbered thirty-fourth paragraph or subparagraphs (a) through (d) thereto, which appear to be a prayer for relief.

## SECOND DEFENSE

Ms. Williams's Complaint for Damages fails to state a claim against either of the Defendants upon which relief can be granted.

## THIRD DEFENSE

Circle K and its agents, employees, and representatives did not breach any duty of care owed to Ms. Williams.

## FOURTH DEFENSE

Ms. Williams had equal or superior knowledge of any alleged dangerous or hazardous condition presented by the ramp as described in the complaint, and, as such, Defendants cannot be held liable.

## FIFTH DEFENSE

Circle K denies Ms. Wathchem is a proper party to this action because she is not an "owner" or "occupier" of land within the provisions of O.C.G.A. § 51-3-1. As such, Ms. Wathchem should be immediately dismissed as a named defendant from this action.

## SIXTH DEFENSE

The Defendants did not breach any duty of cared owed to Ms. Williams.

## SEVENTH DEFENSE

Circle K plead the modified comparative fault of Ms. Williams in mitigation or as a complete bar to any recover by Ms. Williams against the Defendants. Ms. Williams so carelessly

and negligently conducted herself that she, by her own negligence, directly and proximately caused her own alleged injuries. Ms. Williams's own commissions constituted negligence, and her fault is greater than that of the Defendants, if either of the Defendants are at fault at all. Thus, Ms. Williams should recover nothing from either of the Defendants. In the alternative, Ms. Williams's damages should be reduced in proportion to the percentage of fault attributable to her.

## EIGHTH DEFENSE

Circle K specifically avers that, to the extent a dangerous condition existed on its premises at the time of the alleged incident, the condition described in Ms. Williams's Complaint for Damages was open and obvious, and Ms. Williams had equal or superior knowledge of its existence.

## NINTH DEFENSE

Ms. Williams failed to take reasonable steps to minimize or prevent the damages she claims to have suffered.

## TENTH DEFENSE

Any and all allegations not heretofore admitted, explained, or denied are here and now denied as set forth as though specifically denied therein.

## ELEVENTH DEFENSE

Circle K reserves its right to amend this Answer to include such other and further defenses as may become apparent through further and subsequent investigation and discovery.

**WHEREFORE**, having answered the Complaint for Damages, Defendant Circle K Stores, Inc. respectfully prays that this Court dismiss Ms. Williams's Complaint for Damages, with prejudice, and tax all applicable court costs to Ms. Williams. In the alternative, Circle K demands a jury of twelve to try all issues.

Respectfully submitted,

**CARR ALLISON**

By: ___/s/ Sean W. Martin_____
         **SEAN W. MARTIN, GA BAR #474125**
         **STEPHEN A. SWANSON, GA BAR #759751**
         736 Market Street, Suite 1320
         Chattanooga, TN 37402
         Telephone: (423) 648-9832
         Facsimile: (423) 648-9869
         swmartin@carrallison.com
         sswanson@carrallison.com

         *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that on October 6, 2021, the foregoing document was electronically filed with the Clerk of Court using the PeachCourt Electronic Filing system, which will automatically send email notification of such filing to the following:

Ashleigh R. Madison, Esq.           Franklin D. Hayes, Esq.
Southeast Law, LLC               P.O. Box 2377
1703 Abercorn Street            Douglas, GA 31534
Savannah, GA 31401

This 6th day of October, 2021.

By: ___/s/___ Sean W. Martin_____
       **SEAN W. MARTIN, GA BAR #474125**

EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

OCT 06, 2021 03:53 PM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MARTHA WILLIAMS,** | * | |
| | * | |
| Plaintiff, | * | CASE NO. 2021-CV-000722 |
| | * | |
| v. | * | |
| | * | JURY DEMANDED |
| **CIRCLE K STORES, INC.** | * | |
| **and SUE WATHCHEM,** | * | |
| | * | |
| Defendants. | * | |

### AMENDED ANSWER OF DEFENDANT SUE WATHCHEM

COMES NOW Defendant Sue Wathchem ("Ms. Wathchem"), by and through undersigned counsel, to provide her Amended Answer to the Complaint for Damages filed by the Plaintiff, Martha Williams against her and Defendant Circle K Stores, Inc. ("Circle K").

### FIRST DEFENSE

In response to the specifically-enumerated paragraphs of Ms. Williams's Complaint for Damages, the Ms. Wathchem states as follows:

### I.  PARTIES, JURISDICTION & VENUE

1.      Ms. Wathchem is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph one.

2.      Ms. Wathchem is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph two.

3.      Ms. Wathchem denies the averments of paragraph three, including that she is a proper party to this action, that she was the store manager at the time of the incident that forms the basis of this lawsuit, and that she worked at and may be served at 1145 Veterans Parkway, Columbus, Georgia 31901. To Ms. Wathchem's knowledge, the incident that forms the basis of this lawsuit occurred at 1408 Veterans Parkway, Columbus, GA 31901.

4.     Ms. Wathchem denies the averments of paragraph four as pled.

5.     Ms. Wathchem admits the averments of paragraph five.

## FACTUAL ALLEGATIONS

6.     Ms. Wathchem admits the averments of paragraph six, but denies that the incident that forms the basis of this lawsuit occurred at 1145 Veterans Parkway, Columbus, Georgia 31901. To Ms. Wathchem's knowledge, the incident that forms the basis of this lawsuit occurred at 1408 Veterans Parkway, Columbus, GA 31901.

7.     Ms. Wathchem denies the averments of paragraph seven and denies that she is a proper party to this action.

8.     Ms. Wathchem is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eight and therefore deny them and demand strict proof thereof.

9.     Ms. Wathchem is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph nine and therefore deny them and demand strict proof thereof.

10.     Ms. Wathchem denies the averments of paragraph ten.

11.     Ms. Wathchem denies the averments of paragraph eleven.

12.     Ms. Wathchem denies the averments of paragraph twelve.

13.     Ms. Wathchem denies the averments of paragraph thirteen.

14.     Ms. Wathchem denies the averments of paragraph fourteen.

15.     Ms. Wathchem denies the averments of paragraph fifteen.

16.     Ms. Wathchem denies the averments of paragraph sixteen.

17.     Ms. Wathchem denies the averments of paragraph seventeen.

### III.   CAUSES OF ACTION
#### *Count I – Negligence*

18.    Ms. Wathchem restates and incorporates her responses to paragraphs one through seventeen as if fully stated herein.

19.    Ms. Wathchem denies the averments of paragraph nineteen as stated.

20.    Ms. Wathchem denies the averments of paragraph twenty and subparagraphs (a) through (e) thereto.

21.    Ms. Wathchem denies the averments of paragraph twenty-one and denies she is a proper party to this action.

22.    Ms. Wathchem denies the averments of paragraph twenty-two. Ms. Wathchem was not the manger on duty on the date of the incident that forms that basis of this lawsuit.

23.    Ms. Wathchem denies the averments of paragraph twenty-three and subparagraphs (a) through (e) thereto. Ms. Wathchem was not the manger on duty on the date of the incident that forms that basis of this lawsuit.

24.    Ms. Wathchem denies the averments of paragraph twenty-four.

#### *Count II – Premises Liability*

25.    Ms. Wathchem restates and incorporates her responses to paragraphs one through twenty-four as if fully stated herein.

26.    Ms. Wathchem denies the averments of paragraph twenty-six as pled.

27.    Ms. Wathchem denies the averments of paragraph twenty-seven as pled.

28.    Ms. Wathchem denies the averments of paragraph twenty-eight.

29.    Ms. Wathchem denies the averments of paragraph twenty-nine.

## IV.    DAMAGES

30.    Ms. Wathchem restates and incorporates her responses to paragraphs one through twenty-nine as if fully stated herein.

31.    Ms. Wathchem denies the averments of paragraph thirty-one.

32.    Ms. Wathchem denies the averments of paragraph thirty-two.

33.    Ms. Wathchem denies the averments of paragraph thirty-three.

34.    Ms. Wathchem denies Ms. Williams is entitled to any of the relief sought in her unnumbered thirty-fourth paragraph or subparagraphs (a) through (d) thereto, which appear to be a prayer for relief.

## SECOND DEFENSE

Ms. Williams's Complaint for Damages fails to state a claim against either of the Defendants upon which relief can be granted.

## THIRD DEFENSE

Circle K and its agents, employees, and representatives, including Ms. Wathchem, did not breach any duty of care owed to Ms. Williams.

## FOURTH DEFENSE

Ms. Williams had equal or superior knowledge of any alleged dangerous or hazardous condition presented by the ramp as described in the complaint, and, as such, Defendants cannot be held liable.

## FIFTH DEFENSE

Ms. Wathchem denies she is a proper party to this action because she is not an "owner" or "occupier" of land within the provisions of O.C.G.A. § 51-3-1. As such, Ms. Wathchem should be immediately dismissed as a named defendant from this action.

4

## SIXTH DEFENSE

Ms. Wathchem did not breach any duty of cared owed to Ms. Williams.

## SEVENTH DEFENSE

Ms. Wathchem pleads the modified comparative fault of Ms. Williams in mitigation or as a complete bar to any recover by Ms. Williams against the Defendants. Ms. Williams so carelessly and negligently conducted herself that she, by her own negligence, directly and proximately caused her own alleged injuries. Ms. Williams's own commissions constituted negligence, and her fault is greater than that of the Defendants, if either of the Defendants are at fault at all. Thus, Ms. Williams should recover nothing from either of the Defendants. In the alternative, Ms. Williams's damages should be reduced in proportion to the percentage of fault attributable to her.

## EIGHTH DEFENSE

Ms. Wathchem specifically avers that, to the extent a dangerous condition existed on Circle K's premises at the time of the alleged incident, the condition described in Ms. Williams's Complaint for Damages was open and obvious, and Ms. Williams had equal or superior knowledge of its existence.

## NINTH DEFENSE

Ms. Williams failed to take reasonable steps to minimize or prevent the damages she claims to have suffered.

## TENTH DEFENSE

Any and all allegations not heretofore admitted, explained, or denied are here and now denied as set forth as though specifically denied therein.

5

## ELEVENTH DEFENSE

Ms. Wathchem reserves her right to amend this Answer to include such other and further defenses as may become apparent through further and subsequent investigation and discovery.

**WHEREFORE**, having answered the Complaint for Damages, Defendant Sue Wathchem, respectfully prays that this Court dismiss Ms. Williams's Complaint for Damages, with prejudice, and tax all applicable court costs to Ms. Williams. In the alternative, Ms. Wathchem demands a jury of twelve to try all issues.

Respectfully submitted,

**CARR ALLISON**

By: /s/ Sean W. Martin

**SEAN W. MARTIN, GA BAR #474125**
**STEPHEN A. SWANSON, GA BAR #759751**
736 Market Street, Suite 1320
Chattanooga, TN 37402
Telephone: (423) 648-9832
Facsimile: (423) 648-9869
swmartin@carrallison.com
sswanson@carrallison.com

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that on October 6, 2021, the foregoing document was electronically filed with the Clerk of Court using the PeachCourt Electronic Filing system, which will automatically send email notification of such filing to the following:

Ashleigh R. Madison, Esq.                    Franklin D. Hayes, Esq.
Southeast Law, LLC                           P.O. Box 2377
1703 Abercorn Street                         Douglas, GA 31534
Savannah, GA 31401

This 6th day of October, 2021.

By: /s/ Sean W. Martin

**SEAN W. MARTIN, GA BAR #474125**

6

**EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

OCT 11, 2021 10:46 AM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

MARTHA WILLIAMS,

    Plaintiff,

vs.                            Civil Action File No.: 2021-CV-000722

CIRCLE K. STORES, INC. and
SUE WATHCHEM,

    Defendants.

## CERTIFICATE OF SERVICE PURSUANT TO UNIFORM COURT RULE 5.2

    This is to certify that, pursuant to Uniform Court Rule 5.2, Plaintiff, in the above-captioned action shows **Plaintiff's Supplemental Responses to Defendants' First Interrogatories and First Request for Production of Document,** by causing same to be placed in the U.S. Mail as follows:

Sean W. Martin, Esquire
CARR ALLISON, PC
736 Market Street, Suite 1320
Chattanooga, TN 37402
swmartin@carrallison.com

This 8th day of October, 2021.

*/s/ Ashleigh R. Madison*
Ashleigh R. Madison
Georgia Bar No. 346027
Attorney for Plaintiff

SOUTHEAST LAW, LLC
1703 Abercorn Street
Savannah, Georgia 31401
912-662-6612 (o)
877-417-2943 (f)

EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

OCT 27, 2021 12:30 PM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MARTHA WILLIAMS,** | * | |
| | * | |
| Plaintiff, | * | CASE NO. 2021-CV-000722 |
| | * | |
| v. | * | |
| | * | JURY DEMANDED |
| **CIRCLE K STORES, INC.** | * | |
| **and SUE WATHCHEM,** | * | |
| | * | |
| Defendants. | * | |

### CERTIFICATE OF SERVICE OF DISCOVERY

I hereby certify that I served a copy of Defendant's Requests for Production of Documents to Coffee Eye Clinic, Southern Orthopaedics & Sports Medicine, The Hughston Clinic, and Coastal Wound Physicians on October 27, 2021, by placing the same in a properly addressed and stamped envelope in the US Mail to:

Coffee Eye Clinic
200 Doctor's Drive, Suite 105
Douglas, GA 31533

Southern Orthopaedics & Sports Medicine
3231 Glynn Ave.
Brunswick, GA 31520

The Hughston Clinic
6262 Veterans Parkway
Columbus, GA 31909

Coastal Wound Physicians
5356 Reynolds Street, Suite 201
Savannah, GA 31405

Respectfully submitted,

**CARR ALLISON**

By:   /s/ Stephen A. Swanson

**SEAN W. MARTIN, GA BAR #474125**
**STEPHEN A. SWANSON, GA BAR #759751**
736 Market Street, Suite 1320
Chattanooga, TN 37402
Telephone: (423) 648-9832
Facsimile: (423) 648-9869
swmartin@carrallison.com
sswanson@carrallison.com

*Attorneys for Circle K Stores, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that on October 27, 2021, the foregoing document was electronically filed with the Clerk of Court using PeachCourt Electronic Filing system, which will automatically send email notification of such filing to the following:

Ashleigh R. Madison, Esq.                  Franklin D. Hayes, Esq.
Southeast Law, LLC                         P.O. Box 2377
1703 Abercorn Street                       Douglas, GA 31534
Savannah, GA 31401

This 27th day of October, 2021.

By:   /s/ Stephen A. Swanson
**STEPHEN A. SWANSON, GA BAR #759751**

2

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

DEC 01, 2021 08:57 AM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

MARTHA WILLIAMS,                          *
                                          *
        Plaintiff,                        *        CASE NO. 2021-CV-000722
                                          *
v.                                        *
                                          *        JURY DEMANDED
CIRCLE K STORES, INC.                     *
and SUE WATHCHEM,                         *
                                          *
        Defendants.                       *

### DEFENDANT SUE WATHCHEM'S MOTION TO DROP
### SUE WATHCHEM AS A PARTY WITH PREJUDICE

COMES NOW the Defendant, Sue Wathchem, by and through counsel, to move this Court

for entry of an order dropping Sue Wathchem as a party to this case with prejudice pursuant to

O.C.G.A. §§ 9-11-21 and 9-11-12(b)(6).

As grounds and discussed in more detail in the contemporaneously filed Memorandum of

Law, Defendant Wathchem would show that Plaintiff cannot prove any negligence claim against

her, in chief, because she was not the manager on duty at the date of the incident that forms the

basis of this lawsuit, nor was she affiliated at all with the Circle K store at issue in this case. Even

still, Plaintiff cannot identify any duty of care that she owed Plaintiff in her individual capacity.

Plaintiff claims that Defendant Wathchem, as Circle K's purported store manager, is liable to

Plaintiff for negligently failing to maintain, inspect, warn of, or remove dangerous conditions from

the Circle K store where Plaintiff slipped and fell. However, absent any claims of direct negligence

against Defendant Wathchem, of which Plaintiff makes none, a mere store employee cannot be

held liable in Georgia for a failure to warn or remove an allegedly dangerous condition—a duty

that arises only in connection with Defendant Wathchem's purported employment with the Circle

K at issue in this case. As Plaintiff alleges no negligence against Defendant Wathchem in her

individual capacity, Plaintiff fails to state any viable claim overall against Defendant Wathchem—

notwithstanding Defendant Wathchem's non-affiliation with the store or the incident at issue in this case.

WHEREFORE, Defendant Wathchem respectfully requests that this Motion be granted and that Plaintiff's claims against her be dismissed with prejudice.

Respectfully submitted,

**CARR ALLISON**

By:    /s/ Sean W. Martin
         **SEAN W. MARTIN, GA BAR #474125**
         **STEPHEN A. SWANSON, GA BAR #759751**
         736 Market Street, Suite 1320
         Chattanooga, TN 37402
         Telephone: (423) 648-9832
         Facsimile: (423) 648-9869
         swmartin@carrallison.com
         sswanson@carrallison.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that on December 1, 2021, the foregoing document was electronically filed with the Clerk of Court using the PeachCourt Electronic Filing system, which will automatically send email notification of such filing to the following:

Ashleigh R. Madison, Esq.
Southeast Law, LLC
1703 Abercorn Street
Savannah, GA 31401

Franklin D. Hayes, Esq.
P.O. Box 2377
Douglas, GA 31534

This 1st day of December, 2021.

By:    /s/ Sean W. Martin
         **SEAN W. MARTIN, GA BAR #474125**

&#9883; **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

DEC 01, 2021 08:57 AM

*Danielle F. Forte*
Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| MARTHA WILLIAMS, | * | |
| | * | |
| Plaintiff, | * | CASE NO. 2021-CV-000722 |
| | * | |
| v. | * | |
| | * | JURY DEMANDED |
| CIRCLE K STORES, INC. | * | |
| and SUE WATHCHEM, | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SUE WATHCHEM'S**
**MOTION TO DROP SUE WATHCHEM AS A PARTY WITH PREJUDICE**

COMES NOW the Defendant, Sue Wathchem, by and through counsel, to submit this Memorandum of Law in support of her Motion to Drop Sue Wathchem as a Party with Prejudice, pursuant to O.C.G.A. §§ 9-11-21 and 9-11-12(b)(6).

**SUMMARY OF ARGUMENT**

Plaintiff claims that purported Circle K manager Sue Wathchem is liable to her for negligently failing to maintain, inspect, warn of, remove, or otherwise remedy an allegedly dangerous condition from the Circle K store exit ramp upon which Plaintiff slipped and fell. However, Defendant Wathchem was neither a store manager, manager on duty, nor an employee at all at the time of the incident that forms the basis of this lawsuit. However, even if Defendant Wathchem had some affiliation with the Circle K store at issue, Defendant Circle K Stores, Inc. ("Circle K") had a non-delegable, statutory duty to keep the premises safe—a duty that a business carries out through its agents, employees included. Any liability at all in this case, then, is attributable only to Circle K as employees are not individually liable under Georgia law. Because Plaintiff has not alleged any separate basis for Defendant Wathchem's individual liability, and because Defendant Wathchem's purported responsibilities to warn of or remove dangerous

1

conditions from the store arose solely in her capacity as Circle K's purported agent (of which Defendant Wathchem refutes), Plaintiff fails to state any viable claim for negligence against Defendant Wathchem. Thus, Defendant Wathchem may be properly dropped from this case with prejudice.

## STATEMENT OF FACTS

Plaintiff Martha Williams claims she slipped and fell on Defendant Circle K's exit ramp as she left the store on a rainy day. Complaint, ¶ 9. Plaintiff attributes her fall and resulting damages to negligence by Circle K and Sue Wathchem, who was, according to Plaintiff, the manager of the store at the time of Plaintiff's fall. *Id.*, at ¶¶ 7, 31. Plaintiff asserts that, "[a]s store manager, Defendant Sue Wathchem had a duty to inspect the subject store and its approaches for hazards which could injure business invitees such as Plaintiff." *Id.*, at ¶ 22. Plaintiff claims that Defendant Sue Wathchem was negligent:

> "[i]n failing to properly maintain [the] ramp; [i]n failing to inspect [the] ramp; [i]n failing to install non-skid material or to otherwise eradicate the slippery nature of the surface when wet; [i]n failing to properly install railings for [the] ramp; and [i]n failing to properly post warning(s) about the condition(s) of said ramp."

*Id.*, at ¶ 23.

Contrary to Plaintiff's assertions, however, Defendant Sue Wathchem was not the manager on duty. Amended Answer of Circle K Stores, Inc., ¶¶ 3, 7, 22-23; Amended Answer of Sue Wathchem, ¶¶ 3, 7, 22-23. She was not the store manager of the Circle K at issue in this case. *Id.* She was not even employed at or by the Circle K store where Plaintiff allegedly fell. *Id.*; ¶¶ 12-14 of Defendants' Answers to Plaintiff's First Set of Interrogatories, attached hereto as **Exhibit A**. Without more, and for the additional reasons set forth below, none of Plaintiff's claims entitle her to relief from Defendant Wathchem under Georgia law.

2

## ARGUMENT AND CITATION OF AUTHORITY

A plaintiff asserting a Georgia negligence claim must first prove "[a] duty, or obligation, recognized by law, requiring the [defendant] to conform to a certain standard of conduct, for the protection of others against unreasonable risks. *Lau's Corp. v. Haskins*, 405 S.E.2d 474, 476 (Ga. 1991). Where the plaintiff cannot show that the defendant owed him a duty of care, the plaintiff's complaint fails to state a claim for negligence. *See*, *Glover v. Ga. Power Co.*, 819 S.E.2d 660, 663 (Ga. App. 2018) (a plaintiff "is not entitled to recover unless the defendant . . . failed to do something that it should have done pursuant to the duty owed the plaintiff."). Here, Plaintiff claims that Defendant Wathchem had a duty to inspect the store and its approaches for hazards which could injure business invitees like Plaintiff. Complaint, ¶ 22.

I.     **Defendant Wathchem is an improper party to this action and should be dropped from the case with prejudice.**

In its dual Answers to Plaintiff's Complaint for Damages, as well as their verified discovery responses, both Defendants have sworn under oath that Defendant Wathchem was not the manager on duty as proffered by the Plaintiff. Amended Answer of Circle K Stores, Inc., ¶¶ 3, 7, 22-23; Amended Answer of Sue Wathchem, ¶¶ 3, 7, 22-23; ¶¶ 12-14 of Defendants' Answers to Plaintiff's First Set of Interrogatories. She has nothing at all to do with the Circle K store that forms the basis of this lawsuit. *Id.* With no affiliation to this action or the underlying incident, her drop from this case as a party with prejudice pursuant to O.C.G.A. § 9-11-21 is appropriate. Indeed, Georgia law is clear that where a party is neither the owner nor the occupier of the premises where Plaintiff was allegedly injured, said party cannot be directly liability to the Plaintiff "under any premises liability theory." *Anderson v. Atlanta Comm. for the Olympic Games*, 537 S.E.2d 345, 350 (Ga. 2000). *See also*, *Whatley's Interiors, Inc. v. Anderson*, 336 S.E.2d 326, 328 (Ga. App. 1985) (party dropped when he had no interest in the property subject to the lawsuit); *Rasheed v. Klopp Enters.*, 622

3

S.E.2d 442, 446 (Ga. App. 2005) (no liability to purported commercial van driver employee who

was found not to be an employee at all of the corporate defendant who was sued on a theory of

vicarious liability). Defendant Watchem is a named defendant with no connection or information

relevant to the present action, and therefore, an order dropping her from this case with prejudice is

warranted.

II.    **Liability may not be imposed on Sue Wathchem or any other purported manager as an employee of Circle K for actions undertaken in the course and scope of their employment with Circle K.**

To the extent that this Court finds that Defendant Wathchem's drop from this case is not

proper simply by virtue of her complete lack of association with the events underlying this action,

and to the extent Plaintiff intends to add or substitute in the actual manager on duty as a party

defendant, liability is precluded as to any purported managers in their individual capacities.

Plaintiff's claims against Defendant Wathchem arise out of Ms. Wathchem's employment as the

Circle K store manager. Complaint, ¶¶ 7, 22-23. Plaintiff explicitly states that Defendant

Wathchem's duty to inspect the store arose out of her position as store manager. *Id.*, at ¶ 22.

Plaintiff claims that Defendant Wathchem breached this duty because she failed to maintain,

inspect, warn, or otherwise make safe the allegedly dangerous ramp. *Id.*, at ¶ 23. However,

Defendant Wathchem or any to-be-named manager may not be held individually liable for such

alleged nonfeasance, as their responsibilities to inspect and maintain the ramp arose solely from

their status as employees of Circle K. Indeed, Plaintiff expressly and verbatim alleged that

Defendant Circle K breached its duty of care by failing to inspect or maintain the ramp in the exact

same manner as Defendant Wathchem. Complaint, ¶ 20 ("Defendant [Circle K] . . . was negligent

. . . [i]n failing to properly maintain [the] ramp; [i]n failing to inspect [the] ramp; [i]n failing to

install non-skid material or to otherwise eradicate the slippery nature of the surface when wet; [i]n

failing to properly install railings for [the] ramp; and [i]n failing to properly post warning(s) about the condition(s) of said ramp."). That Plaintiff alleged the same "fail[ures]" between the named Defendants evidences Circle K and Ms. Wathchem's overlapping responsibilities as store owner and store employee.

Circle K owed Plaintiff a duty of care as a premises owner and occupier. A Georgia premises owner or occupier's non-delegable duty to invitees is created by statute. *Lau's Corp. v. Haskins*, 405 S.E.2d 474, 476 (Ga. 1991). O.C.G.A. § 51-3-1 provides that:

> Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

This duty does not render an owner or occupier an insurer of the invitee's safety but does require the owner or occupier to inspect the premises to discover possible dangerous conditions and take reasonable precautions to protect invitees from foreseeable dangers. *Robinson v. Kroger Co.*, 493 S.E.2d 403, 408-09 (Ga. 1997). It is obvious that the duty to inspect the premises falls on the agent, employees included, especially where the owner or occupier is a legal entity. The basis for this duty is that, when an owner or occupier invites others to his or her property to further the owner/occupier's own purposes, "the owner/occupier makes an implied representation that reasonable care has been exercised to make the place safe for those who come for that purpose." *Id.* at 409; *See also, Davis v. Atlanta*, 66 S.E.2d 188, 193 (Ga. App. 1951) ("Liability to invitees is not imposed merely because of ownership, but because of the invitation"). An owner/occupier's duty under O.C.G.A. § 51-3-1 is non-delegable, "even when the owner or occupier has a contract for another party to provide the work." *Camelot Club Condo. Ass'n v. Afari-Opoku*, 798 S.E.2d 241, 249 (Ga. App. 2017) (citing *Johnson v. Kimberly Clark*, 504 S.E.2d 536 (Ga. App. 1998)).

Where a negligence claim is based on the general non-delegable duty of a business, such

as the duty of a premises owner or occupier, an employee of that business will not be liable for his or her nonfeasance in discharging that duty on the business's behalf. *See*, *Pardue v. Ruiz*, 429 S.E.2d 912, 914 (Ga. 1993). This rule has been traditionally stated as, "an agent is ordinarily not liable for mere nonfeasance." *Taylor v. AmericasMart Real Estate, LLC*, 651 S.E.2d 754, 757 (Ga. App. 2007). Nonfeasance is "the total omission or failure of the agent to enter upon the performance of some distinct duty or undertaking which he has agreed with his principal to do." *Coffer v. Bradshaw*, 167 S.E. 119, 121 (Ga. App. 1932).

In *Pardue v. Ruiz*, construction workers who were injured when scaffolding on their jobsite collapsed sued the safety officer for the jobsite in his individual capacity. *Pardue*, *429* S.E.2d at 913. The plaintiffs claimed that the safety officer, who did not help build the scaffolding, negligently failed to supervise and inspect the jobsite and eliminate dangerous conditions, as he was required to do by the contract between the general contractor and the subcontractor (the plaintiff's employer). *Id.* at 913-14. In considering whether the safety officer was entitled to immunity from suit under the Georgia Workers' Compensation Act, the Georgia Supreme Court found that the plaintiffs' employer owed them a non-delegable duty to provide them a safe place to work and that the safety officer's duty to supervise and inspect the job site arose only in his capacity as the contractor's representative, not in his individual capacity. *Id.* at 914. The Court found that the plaintiffs' allegations that the safety officer failed to supervise, inspect the jobsite, and eliminate dangerous conditions constituted nonfeasance, and so these allegations could not impose liability upon the safety officer as an individual. *Id.* at 913. The Court noted that the safety officer would have been individually liable only if he had committed an affirmative act causing or increasing the risk of injury to [the plaintiffs]. *Id.* at 914.

6

Like the safety officer in *Pardue*, Defendant Wathchem is accused of failing to fulfill her responsibilities as the purported manager on duty to maintain and inspect the area where the Plaintiff slipped and fell. Like the safety officer's employer in *Pardue,* Circle K owed the Plaintiff a non-delegable duty to keep its premises safe, and this duty is fulfilled through agents of Circle K, including its employees. Any responsibility Defendant Wathchem or an actual manager on duty had to help Circle K fulfill said duty arose only in their capacity as employees of Circle K. Plaintiff's allegations that Defendant Wathchem failed to maintain, inspect, and make the ramp safe mirror the allegations against the safety officer in *Pardue* and constitute nonfeasance. Accordingly, neither Defendant Wathchem nor any to-be-named manager on duty can be held individually liable for this alleged nonfeasance in discharging Circle K's duty to Plaintiff to keep the store and approaches safe.

**III.    Plaintiff makes no allegation of misfeasance against Defendant Wathchem which would impose liability on her as an individual.**

As noted by the Georgia Supreme Court in *Pardue*, an agent of a business or corporation will be liable for injuries suffered by third persons because of the agent's misfeasance. *Pardue,* 429 S.E.2d at 914; *See also, Coffer v. Bradshaw,* 167 S.E. 119, 122 (Ga. App. 1932); O.C.G.A. § 10-6-85) ("All agents, by an express undertaking to that effect, may render themselves individually liable . . . for his own tortious act, whether acting by command of his principal or not, he shall be responsible . . ."). Misfeasance is "the improper doing of an act which the agent might lawfully do; or, in other words, it is the performing of his duty to his principal in such a manner as to infringe upon the rights and privileges of third persons." *Southern R. Co. v. Grizzle,* 53 S.E. 244, 245 (Ga. 1906). Misfeasance may involve some inaction or nonfeasance when an agent engages in an affirmative act or undertaking and then fails to exercise reasonable care in the performance of that act or undertaking. *See, Warnock v. Elliott,* 101 S.E.2d 591, 598 (Ga. App. 1957) (holding

7

that a sawmill's foreman could be individually liable for a third party's injuries where the foreman

negligently started a fire on a windy day (misfeasance), and then failed to enclose the fire, failed

to keep the premises free of litter and trash, failed to maintain fire equipment on the premises, and

failed to try to contain the fire when it began to spread (nonfeasance) because "[t]he act of

misfeasance . . . is so intermingled with the alleged facts of nonfeasance that we felt that the alleged

acts of nonfeasance are positive factors involved in the act of misfeasance"). The agent's liability

for misfeasance is "not based upon the ground of his agency, but upon the ground that he is a

wrong-doer, and as such he is responsible for any injury he may cause." *Coffer*, 167 S.E. at 122.

Georgia Courts have applied the above agency principles to find that a business's

employees individually owed the duty of premises owner or occupier to third party invitees when

the employees engaged in affirmative acts of misfeasance. In *Coffer v. Bradshaw*, a minor child

visited an oil mill to purchase cottonseed hulls. *Coffer v. Bradshaw*, 167 S.E. 119, 121 (Ga. App.

1932). The child went to the mill's office to inquire about the hulls, and employees told him to go,

unaccompanied, to the mill's hull house. *Id.* Once in the hull house, the child stepped into a hidden

conveyer belt, causing him injury which resulted in the amputation of his leg. *Id.* The plaintiff

child sued the mill and the employees, alleging they were jointly negligent in sending the child

alone to the hull house and without warning him of the danger presented by the hidden conveyer

belt or otherwise protecting him from the danger. *Id.* On review, the Georgia Court of Appeals

found that the employees owed the child the duty of care of a premises owner or occupier because

they had invited him onto the premises where the injury occurred when they sent him to the hull

house. *Id.* at 122. The Court further found that the employees could be liable for their failure to

warn or protect the child from the dangerous condition, though these allegations constituted

inaction or nonfeasance, because the employees had taken the affirmative act of inviting the child

8

into the hull house, thereby incurring the duty of an owner/occupier, without exercising reasonable care, and so had committed misfeasance. *Id.* The employees' duty to the child, the Court explained, was not imposed on the employees merely because of their status as agents for the mill, but because they had affirmatively committed a wrong against the child. *Id.*

Conversely, when there is no allegation that an employee or agent committed an affirmative act against the plaintiff or assumed the role of owner/occupier, Georgia Courts have found that a store employee is not liable for injuries to third parties caused by unsafe premises. In *Adams v. Sears*, the Georgia Court of Appeals reviewed the trial court's grant of summary judgment to a department store and its general manager. *Adams v. Sears*, 490 S.E.2d 150, 151 (Ga. App. 1997). The Plaintiff alleged that, while she was shopping, she stepped on a store hanger, lost her balance, and fell. *Id.* at 151-52. Plaintiff alleged that the manager failed to inspect and maintain the store where she fell. *Id.* The court unanimously found that the store manager was neither an owner nor occupier of the store and could not be held liable under O.C.G.A. § 51-3-1 as a matter of law. *Id.* at 153; *See also*, *Williams v. Nico Industries, Inc.*, 278 S.E.2d 677, 682 (Ga. App. 1981) (where there was no showing that a property manager owed any duty to invitees independent from the duty owed by the premises owner, the manager could not be held individually liable).

Plaintiff here claims that, at the time of her fall, Defendant Wathchem owed a duty to Plaintiff as manager on duty of the Circle K. Complaint, ¶ 22. Notably, Plaintiff made no allegation that Defendant Wathchem, in her individual capacity as manager, possessed or controlled the subject store such that she qualified as an owner or occupier under O.C.G.A. § 51-3-1. Without more, Defendant Wathchem's sole role as the manager on duty (if taken as true) does not impose upon her the duties of a premises occupier – the Georgia Court of Appeals issued that holding explicitly in *Adams*. Further, Plaintiff makes no allegation that Defendant Wathchem took any

9

affirmative action or committed any misfeasance against her which would have imposed on her the duty of a premises occupier. Plaintiff does not claim that Defendant Wathchem directed her towards the alleged dangerous condition without warning her of its presence. Indeed, Plaintiff does not allege that Defendant Wathchem did anything at all on the day Plaintiff fell; she merely lists the actions Defendant Wathchem allegedly did *not* perform. Because there is no claim in the Plaintiff's Complaint of any misfeasance by Defendant Wathchem, she cannot be held liable as a premises occupier under O.C.G.A. § 51-3-1 as a matter of law. For these same reasons, no future manager that Plaintiff may name as a party defendant can be liable to Plaintiff in this action.

IV.    **Plaintiff will not be prejudiced by Defendant Wathchem's drop from this case.**

Even if, for the sake of argument, Defendant Wathchem was negligent in the performance of her job duties as Circle K store manager, this liability would be imputed to her employer Circle K via the doctrine of *respondeat superior*. Indeed, O.C.G.A. § 51-2-2 codifies this doctrine that employers can be held liable for the negligent acts commits by its employees while they were "within the scope of [the employer's] business. O.C.G.A. § 51-2-2. When an employee is the cause of an injury to another, "the test to determine if the [employer] is liable is whether or not the [employee] was at the time of the injury acting within the scope of his employment and on the business of the master." *Hicks v. Heard*, 692 S.E.2d 360, 361 (Ga. 2010).

Here, if Plaintiff's allegations are taken as true, there is no question that Defendant Wathchem was acting within the scope of her employment at the time of Plaintiff's fall. Because Defendant Wathchem was so acting, and absent any separate and distinct claims of negligence against Defendant Wathchem in her individual capacity, any liability attributable to Defendant Wathchem will necessarily be the responsibility of Defendant Circle K via the application of *respondeat superior*. Accordingly, a proper drop as to Defendant Wathchem will not prejudice

Plaintiff as Circle K will still remain in the case and be liable to the extent Plaintiff can ultimately demonstrate that the alleged inactions of Defendant Wathchem proximately caused Plaintiff's injuries.

Moreover, and because of the doctrine of *respondeat superior*, Defendant Wathchem's drop would be timely despite the early posture of this case. Plaintiff has not alleged that Defendant Wathchem qualifies as a premises owner, or that Defendant Wathchem committed any misfeasance that would necessarily involve the exchange of written discovery and depositions in order to determine the extent of supervisory control Defendant Wathchem exerted over the Circle K store. In fact, Defendant's dual Answers and verified discovery responses provide Plaintiff all the evidence she needs to determine that Defendant Wathchem is an improper party to this action. By alleging only that Defendant Wathchem committed nonfeasance in the course and scope of her employment, and because of vicarious liability, Plaintiff need only look to Defendant Circle K for evidence in support of her negligence and premises liability claims. As such, Defendant Wathchem may be properly dropped from the case at this early juncture.

## CONCLUSION

Defendant Sue Wathchem was not the manager on duty and has no connection at all to this case. Even if she were the manager on duty as Plaintiff incorrect alleges, her responsibilities to supervise and inspect the Circle K store at the time of Plaintiff's fall arose entirely from her purported status as an employee of Circle K. Defendant Wathchem did not owe Plaintiff a duty as the premises occupier in her individual capacity, and Plaintiff has not alleged any misfeasance against Defendant Wathchem that would impose any other duty on Defendant Wathchem. Plaintiff's Complaint fails to identify a duty of care that Defendant Wathchem owed Plaintiff in

her individual capacity and therefore does not assert a valid claim for negligence against Defendant

Wathchem. Therefore, Defendant Wathchem should be dismissed from this case with prejudice.

Respectfully submitted,

**CARR ALLISON**

By:   /s/ Sean W. Martin

**SEAN W. MARTIN, GA BAR #474125**
**STEPHEN A. SWANSON, GA BAR #759751**
736 Market Street, Suite 1320
Chattanooga, TN 37402
Telephone: (423) 648-9832
Facsimile: (423) 648-9869
swmartin@carrallison.com
sswanson@carrallison.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that on December 1, 2021, the foregoing document was electronically filed with the Clerk of Court using the PeachCourt Electronic Filing system, which will automatically send email notification of such filing to the following:

Ashleigh R. Madison, Esq.
Southeast Law, LLC
1703 Abercorn Street
Savannah, GA 31401

Franklin D. Hayes, Esq.
P.O. Box 2377
Douglas, GA 31534

This 1st day of December, 2021.

By:   /s/ Sean W. Martin

**SEAN W. MARTIN, GA BAR #474125**

℥ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

JAN 03, 2022 04:04 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

MARTHA WILLIAMS,                     )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )       Civil Action File No.: 2021-CV-000722
                                     )
CIRCLE K. STORES, INC. and           )
SUE WATHCHEM,                        )
                                     )
        Defendants.                  )

### PLAINTIFF'S RESPONSE TO DEFENDANTS'
### MOTION TO DROP DEFENDANT SUE WATHCHEM AND BRIEF IN SUPPORT

COMES NOW PLAINTIFF MARTHA WILLIAMS ("Plaintiff") in the above-styled action, and file this, her Response to Defendant Circle K Stores, Inc. ("Circle K") and Defendant Sue Wathchem's ("Defendant Wathchem") Motion to Drop Defendant Sue Wathchem as follows:

### I. FACTS

Defendant Circle K Stores, Inc. owns and operates a convenience store at 1408 Veterans Parkway, Columbus, Georgia 31901. Upon information and belief, Defendant Wathchem was the manager on duty for the subject store. See Complaint. On November 15, 2019, Plaintiff was a customer at the aforementioned convenience store owned and operated by Defendant Circle K Stores, Inc. Id. As Plaintiff exited the building and began walking down the ramp, suddenly and without warning, Plaintiff slipped and fell on the ramp, which was wet from rain. Id. Defendants' ramp had no rails to assist patrons as they were descending the ramp, did not have appropriate warnings/markings to designate the change in grade of the ramp, and the ramp did not have any non-skid material on it. Id. At no time before Plaintiff's fall was Plaintiff ever warned of the condition of the ramp or given notice of the dangerous condition of the ramp. Id.

Plaintiff contends that Defendants were negligent in failing to maintain their premises and in failing to warn Plaintiff of the ramp's dangerous condition. Id. As a result of Defendant's actions and/or omissions, Plaintiff was injured and suffered damages, which resulted in the filing of the present action.

Defendants now file a Motion to Drop Defendant Wathchem stating she was not the manager at the time that Plaintiff Williams fell. See Defendants' Motion to Drop. However, Plaintiff has been deposed in this case and has testified that the day Plaintiff fell, Plaintiff was told by another Circle K employee that the store manager was a woman named "Sue" or "Susan" and Plaintiff was instructed to reach out to this person with respect to her fall. (Deposition of Martha Williams at pp. 30; 74-76 attached hereto as Exhibit "A"). Furthermore, there is no dispute that Defendant Sue Wathchem was an employee of Defendant Circle K at or around the time of Plaintiff's fall. (See Complaint, Answers and Amended Answers). As such, Plaintiff responds to Defendants' Motion below, which shows that sufficient evidence exists to sustain a claim against Defendant Wathchem, or in the alternative, that Plaintiff is entitled to further discovery which tends to establish the identity of the store manager.

## II. ARGUMENT

In their Memorandum of Law, Defendants cite to their Amended Answer to show that Defendant Wathchem is not a proper party. The responsive pleadings state as follows:

> 3. Circle K denies the averments of paragraph three, including that Ms. Wathchem is a property party to this action, that she was the store manager at the time of the incident that forms the basis of this lawsuit and that she worked at and may be served at 1145 Veterans Parkway, Columbus, Georgia 31901. To Circle K's knowledge, the incident that forms the basis of this lawsuit occurred at 1408 Parkway, Columbus, GA 31901.

> 22. Circle K denies the averments of paragraph twenty-two. Ms. Wathchem was not the manager on duty on the date of the incident that forms that basis of this lawsuit.

23. Circle K denies the averments of paragraph twenty-three and subparagraphs (a) through (e) thereto. Ms. Wathchem was not the manager on duty on the date of the incident that forms that basis of the lawsuit.

(See Defendants' Amended Answers).

The response in ¶ 3 is not clear to the fact of whether Defendant Wathchem does not work for the Circle K where Plaintiff fell, or if Plaintiff had the improper address, and Defendant Wathchem is in fact an employee of the Circle K at 1408 Veterans Parkway. Further, as mentioned above, Plaintiff testified that a Circle K employee advised Plaintiff that a woman named "Sue" or "Susan" was the store manager where Plaintiff fell. Even so, Plaintiff still needs to take the depositions of Defendants Wathchem and Circle K to further explore this issue. A motion to drop Defendant Wathchem would be premature in the discovery process and improper without allowing Plaintiff the opportunity to conduct depositions to obtain relevant facts and information regarding both Defendant Wathchem and the staffing of the Circle K store.

The evidence before the Court reflects that Defendant Circle K owned and operated the subject store and were responsible for keeping the entrance safe for invitees. (See Amended Answers). Furthermore, Circle K and its employees operated and maintained the subject store, where they were responsible for keeping the building and its entrances safe. (See id.). Such evidence is certainly sufficient to support Plaintiff's claims for negligence in the Complaint and, at a minimum, there is a question of material fact, particularly as to Defendant Wathchem's relationship with Circle K, as well as the on-duty manager at the time of the incident. Those issues should be properly addressed through cooperative discovery efforts moving forward, making the dropping of Defendant Wathchem premature at this time.

The bottom line is that evidence exists to create an issue of fact as to whether Defendants knew or should have known of the unsafe condition of the ramp leading into the store at 1408 Veterans Parkway and were negligent in doing such. Also, an issue of material fact exists as to whether Defendants have an obligation, even if they did not construct the ramp, to repair items and warn invitees of the dangerous condition. Accordingly, additional time for discovery should be granted (and Plaintiff is confident that such discovery will lead to further proof of Defendants' negligence and liability). The current evidence supports this case moving forward, and the Motion to Drop Defendant Wathchem should not be granted at this time.

Plaintiff respectfully requests that the Court reserve ruling until such time as Defendant Wathchem and a 30(b)(6) deposition of Defendant Circle K can be completed and supplemented in the record. The parties are in the process of conducting depositions, and Defendant has taken Plaintiff's deposition. Plaintiff has been working with Defendant to schedule remaining depositions in this case, including Defendant Wathchem's deposition as well as the 30(b)(6) deposition of Circle K.

Under the present circumstances, to grant the motion to drop without permitting this additional discovery would deny Plaintiff the right to present an adequate opposition to the Motion. Defendants have not shown, pursuant to O.C.G.A. §9-11-12, that Plaintiff could not "possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought." Common cause/Georgia v. City of Atlanta, 279 Ga. 480, 481, 614 S.E.2d 761 (2005). Plaintiff has presented a Complaint, which sets forth valid and viable claims for relief from Defendants' actions. A "[m]otion to dismiss for failure to state a claim is not to be granted unless under the pleadings, construed in a light most favorable to the plaintiff, the plaintiff can establish no set of facts that would entitle the plaintiff to relief against the defendant." Wehunt v.

ITT Bus. Communications Corp., 183 Ga. App. 560, 359 S.E.2d 383, 1 (1987). As such, this Court

cannot say "that the allegations of the complaint disclose with certainty that Plaintiff would not be

entitled to relief under *any* state of provable facts asserted". As such, Defendants' Motion to Drop

Defendant Wathchem and dismiss the claim against her or any other potential on-duty manager

should be DENIED.

     Respectfully submitted this 3rd day of January, 2022.


                        SOUTHEAST LAW, LLC

                                */s/ Ashleigh R. Madison*
                                Ashleigh R. Madison
                                Georgia Bar No. 346027

**Southeast Law LLC**
1703 Abercorn Street
Savannah, Georgia  31401
912.662.6612
southeastlaw@gmail.com


                                */s/ Franklin D. Hayes*
                                Franklin D. Hayes
                                Georgia Bar No. 339910


Post Office Box 2377
Douglas, GA 31534
Phone: 912.383.6132

MARTHA WILLIAMS vs CIRCLE K STORES, INC., ET AL.
Martha Williams on 10/15/2021

Pages 74..77

Page 74

1  Q.  Was this a male or a female?

2  A.  It was a female.

3  Q.  And who is Susan?

4  A.  She was the store manager.

5  Q.  And the employee that was outside gave you
6  this Susan's number?

7  A.  Yes.

8  Q.  Okay.  Do you still have that number?

9  A.  Yes.

10  Q.  Do you still have that number with you?

11  A.  It's in my phone.  I don't have a phone in
12  here with me.

13  MR. SWANSON:  Okay.  I think, Ashleigh, if we
14  can get that number, it might help clear up who
15  we're -- who we're talking about --

16  MS. MADISON:  Sure.

17  MR. SWANSON:  -- with Ms. Susan.

18  MR. SWANSON:

19  Q.  Do you remember Ms. Susan's last name?

20  A.  I don't.

21  Q.  Did you ever meet Ms. Susan?

22  A.  No.

23  Q.  You only spoke to her on the phone?

24  A.  Yes.

25  Q.  When you came back the next day asking for

Page 75

1  Susan and Susan wasn't there, who did you speak with?

2  A.  One of the employees.

3  Q.  Was this either of the two employees that
4  you -- we talked about before that rang you up but
5  that was outside?

6  A.  No.

7  Q.  Can you describe this employee?

8  A.  I don't even remember what the employee looked
9  like.  All I know is they gave me the number, told me
10  I could call her, but I don't even remember if it was
11  a man or a woman.

12  Q.  Did you get Ms. Susan's phone number the day
13  that you fell or the day that you came back to the
14  store the next day?

15  A.  The day that I came.  When I fell, the girl
16  gave me her number, told me I could call her, but
17  then she told me she would be there that Saturday,
18  but she wasn't there.  Something had came up and she
19  wasn't there at work, so, I called her from the
20  store, while I was there on my phone.  The number
21  they gave me, they told me I could call her, and she
22  told me that she would be there that Sunday, but I
23  told her I didn't live in Columbus, I was on my way
24  out.  She said, well, she would review -- she would
25  review the video and she would give me a call, and

Page 76

1  that's what she done.

2  She did call me and these are the words that
3  she told me, you had a bad fall from looking at the
4  video, so, she said you will hear from somebody in a
5  few days.  I didn't hear from nobody for a while.  I
6  called her back and she said you mean nobody has
7  reached out to you yet?  I said no, they haven't.

8  Later on, some lady or another called me and
9  asked a couple of questions, and I never hear from
10  anybody again.

11  Q.  Did you ever fill out an incident report?

12  A.  No.

13  Q.  Did you ask for an incident report to be
14  filled out?

15  A.  I -- I spoke to the -- I -- I asked for the
16  manager, because normally the manager is the one who
17  going to write up the incident report when something
18  is to happen at the place where they are the manager
19  at.  I know that because I used to manage a store,
20  too.  And, so, I know who was supposed to fill out
21  the incident report.  You're supposed to have an
22  incident team there to fill out the report, but
23  nobody -- nobody gave me an incident report.  Nobody
24  filled out an incident report.

25  All I know is she told me she would review the

Page 77

1  video and call me, and she did what she said, but

2  evidently there must have been one filed because then

3  -- I don't know whether she was the insurance lady or

4  who she was.  She did call me later.

5  Q.  Did you call 911?

6  A.  No.

7  Q.  Did you go to the store the next day before or
8  after you went to Columbus Piedmont?

9  A.  I went to Columbus Piedmont that night.  The
10  next day I was on my way out.  I did not go to
11  Piedmont that Saturday.  I went that Friday night.

12  Q.  Okay.  Do you know what you slipped on?

13  A.  The ramp.

14  Q.  Was there anything on the ramp?

15  A.  I didn't see anything but a wet ramp.

16  Q.  Did you see it raining on the ramp?

17  A.  I don't quite -- if it's raining and you're
18  coming out of a store, or coming out of anywhere, and
19  the rain is coming, water is up under you.

20  Q.  So, you're -- you maintain that what you
21  slipped on was rain water, not some other substance?

22  A.  I don't know, but all I saw was right here.  I
23  didn't see anything else on the ramp.  I don't know.

24  Q.  Were your clothes wet after you fell?

25  A.  Yes.

EXHIBIT
A

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

MARTHA WILLIAMS,                    )
                                    )
         Plaintiff,                 )
                                    )
vs.                                 )        Civil Action File No.: 2021-CV-000722
                                    )
CIRCLE K. STORES, INC. and          )
SUE WATHCHEM,                       )
                                    )
         Defendants.                )

---

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day filed the foregoing pleading and have hereby served all of the parties in this case through the following, via electronic mail:

Sean W. Martin, Esquire
Carr Allison, PC
736 Market Street, Suite 1320
Chattanooga, TN 37402

This 3rd day of January, 2022.

/s/ Ashleigh R. Madison
Ashleigh R. Madison
Georgia Bar No. 346027

SOUTHEAST LAW, LLC
1703 Abercorn Street
Savannah, Georgia 31401
912.662.6612
877.417.2943 f
southeastlaw@gmail.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

JAN 24, 2022 02:45 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

MARTHA WILLIAMS,

    Plaintiff,

vs.

CIRCLE K. STORES, INC. and
SUE WATHCHEM,

    Defendants.

Civil Action File No.: 2021-CV-000722

## CERTIFICATE OF SERVICE PURSUANT TO UNIFORM COURT RULE 5.2

This is to certify that, pursuant to Uniform Court Rule 5.2, Plaintiff, in the above-captioned action shows **Plaintiff's Second Interrogatories to Defendant Circle K. Stores, Inc. and Plaintiff's Second Request for Production of Documents to Defendant Circle K. Stores, Inc.,** by causing same to be placed in the U.S. Mail as follows:

Sean W. Martin, Esquire
CARR ALLISON, PC
736 Market Street, Suite 1320
Chattanooga, TN 37402
swmartin@carrallison.com

This 24th day of January, 2022.

/s/ Ashleigh R. Madison
Ashleigh R. Madison
Georgia Bar No. 346027
Attorney for Plaintiff

SOUTHEAST LAW, LLC
1703 Abercorn Street
Savannah, Georgia 31401
912-662-6612 (o)
877-417-2943 (f)

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

JAN 24, 2022 03:51 PM

*Danielle F. Forte*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARTHA WILLIAMS, | * | |
| | * | |
| Plaintiff, | * | CASE NO. 2021-CV-000722 |
| | * | |
| v. | * | |
| | * | JURY DEMANDED |
| CIRCLE K STORES, INC. | * | |
| and SUE WATHCHEM, | * | |
| | * | |
| Defendants. | * | |

**DEFENDANT SUE WATHCHEM'S REPLY IN FURTHER SUPPORT OF HER
MOTION TO DROP SUE WATHCHEM AS A PARTY WITH PREJUDICE**

COMES NOW the Defendant, Sue Wathchem, by and through counsel, to submit this

Reply in Further Support of her Motion to Drop Sue Wathchem as a Party with Prejudice filed

pursuant to O.C.G.A. §§ 9-11-12 and 9-11-12(b)(6).

**I.     Sue Wathchem has no affiliation with Circle K.**

In her response, the Plaintiff states "there is no dispute that Defendant Sue Wathchem was

an employee of Defendant Circle K at or around the time of Plaintiff's fall." (Response, p. 2). So

stated, the Plaintiff attempts to mislead this Court into finding that Ms. Wathchem was employed

at the Circle K store located on Veterans Parkway in Columbus, Georgia on November 15, 2019.

Contrary to the Plaintiff's assertions, and as noted in her Motion to Drop, not only was Ms.

Wathchem not the store manager on November 15, 2019, she was not even employed at or by the

store that is the subject of this case. Since filing her response to the Motion to Drop, the Plaintiff

took the deposition of Seara Keith who was the actual store manager of the Circle K store at issue

in this case.[1] Ms. Keith testified that, although she was not working at the time of this incident,

---

[1]     Defendant is not yet in possession of the deposition transcript of Seara Keith, and so Defendant has
paraphrased Ms. Keith's testimony for use in support of the present Reply in Further Support of her Motion to Drop
Sue Wathchem as a Party with Prejudice. Once the transcript is available, Defendant will supplement this Reply with
citations to and excerpts from deposition as the Court deems necessary.

she was the manager with whom the Plaintiff spoke in the days following the incident. Moreover, Ms. Keith confirmed that Sue Wathchem was not an employee or manager of the subject Circle K store in Columbus, Georgia, and Ms. Wathchem was not working at this store on November 15, 2019. In fact, Ms. Keith has never heard of or spoken to Ms. Wathchem, let alone managed her at the Circle K store. Simply put, Ms. Wathchem was not affiliated with the Circle K store in this case. Ample evidence has been propounded to the Plaintiff, including an Amended Answer, written interrogatory responses *with the names of all store employees and its manager*, and deposition testimony of store manager Seara Keith, indicating that Ms. Wathchem has nothing to do with this store and this case.[2] Accordingly, Ms. Wathchem should be dropped from this case with prejudice.

II.     **Even if Ms. Wathchem was somehow affiliated with the subject store, the Plaintiff has still failed to present a valid basis for keeping Ms. Wathchem in the case.**

The Plaintiff summarily concludes that Ms. Wathchem was "responsible for keeping the building and its premises safe." (Response, p. 3). This despite Ms. Wathchem's express denial of this duty as someone wholly unconnected to the store at issue in this case. Amended Answer of Sue Wathchem, ¶¶ 19, 26. Nevertheless, even if for the sake of argument Ms. Wathchem was an employee of the Circle K store located on Veterans Parkway in Columbus, Georgia on November 15, 2019, she is not personally liable to the Plaintiff under any premises liability theory as a matter of law because she is not an owner or occupier of the Circle K store. *Adams v. Sears*, 490 S.E.2d 150, 153 (Ga. App. 1997) ("Regardless of whether [Circle K] might be liable in this case, because [Ms. Wathchem] was neither an "owner nor occupier" of the [Circle K] store, [s]he cannot be held liable under O.C.G.A. § 51-3-1, as a matter of law."); O.C.G.A. § 51-3-1. The Plaintiff asserted

---

[2]     As communicated to the Plaintiff in discovery, the Circle K store employees include the actual store manager, Seara Keith, who was deposed on January 18, 2022, Jacqueline Leverich, DeAmber Greene, Gay Clay, Deonte Mills, Star'shez Hinton, Cheyenne Crowell, LaKeshia Wilson, and Barbara Jefferson. Sue Wathchem is not an employee or store manager of the subject Circle K store, nor has she any affiliation with the November 15, 2019 incident.

no other basis for imposing personal liability against Ms. Wathchem in the Complaint or her response to the Motion to Drop. *Id.* Therefore, Ms. Wathchem should be dropped from this lawsuit with prejudice as a matter of law. *Id.*

**III.    As there is categorically no connection between Ms. Wathchem and this case, there is no question of fact to be resolved.**

Ms. Wathchem has nothing to do with this case. The Plaintiff has been informed of this, at least, in the pleadings, in written discovery, deposition testimony, and in communication with Ms. Wathchem's counsel. Yet, the sole basis for sustaining claims against Ms. Wathchem appears to be the Plaintiff's one-off, vague recollection that someone named "Sue" or "Susan" spoke with her after the incident. No last name was given or known by the Plaintiff, and the phone number she was asked to call, (706) 243-3167, is tied to the Circle K store itself and not an individual, as was communicated to the Plaintiff on October 15, 2021. *See*, Sue Wathchem Communication with Plaintiff's Counsel, attached hereto as **Exhibit A**. However, as is clear from the deposition of store manager Seara Keith, the Plaintiff spoke with Ms. Keith after the incident, and not Sue Wathchem.

This is not the first time the Plaintiff has misremembered key details of the subject incident. Indeed, she still maintains that the incident occurred at 1445 Veterans Parkway, Columbus, Georgia 31901. Complaint, ¶¶ 3, 6. Yet her deposition testimony and the Defendants' pleadings clearly show this to be the incorrect store location. Amended Answer of Circle K Stores, Inc., ¶¶ 3, 6; Amended Answer of Sue Wathchem, ¶¶ 3, 6; Deposition of Martha Williams, pp. 44-45, attached hereto as **Exhibit B**. The Plaintiff further recalls visiting two hospitals immediately after her fall, yet contemporaneous medical records reveal that she waited a full twenty-four days to seek medical treatment – an inconsistency neither the Plaintiff nor her attorney can explain. Deposition of Martha Williams, pp. 34-42. The strong circumstantial evidence, then, points clearly to the fact that the Plaintiff has misremembered with whom she spoke after the incident.

3

**CONCLUSION**

Ms. Wathchem was not the store manager on November 15, 2019 and she is entirely unaffiliated with the store at issue in this case. As such, Ms. Wathchem respectfully requests the Court drop her from this lawsuit with prejudice.

Respectfully submitted,

**CARR ALLISON**

By:   /s/ Sean W. Martin
            **SEAN W. MARTIN, GA BAR #474125**
            **STEPHEN A. SWANSON, GA BAR #759751**
            736 Market Street, Suite 1320
            Chattanooga, TN 37402
            Telephone: (423) 648-9832
            Facsimile: (423) 648-9869
            swmartin@carrallison.com
            sswanson@carrallison.com

            *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that on January 24, 2022, the foregoing document was electronically filed with the Clerk of Court using the PeachCourt Electronic Filing system, which will automatically send email notification of such filing to the following:

Ashleigh R. Madison, Esq.
Southeast Law, LLC
1703 Abercorn Street
Savannah, GA 31401

Franklin D. Hayes, Esq.
P.O. Box 2377
Douglas, GA 31534

This 24th day of January, 2022.

By:   /s/ Sean W. Martin
            **SEAN W. MARTIN, GA BAR #474125**

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

~~SC2021CV000722~~

JAN 24, 2022 03:51 PM

*Danielle F. Forté*
Danielle F. Forté, Cle
Muscogee County, Georg

# Stephen A. Swanson

| | |
|---|---|
| **From:** | Ashleigh Madison <southeastlaw@gmail.com> |
| **Sent:** | Tuesday, October 26, 2021 8:27 AM |
| **To:** | Stephen A. Swanson |
| **Cc:** | Sean Martin; Tracey Skarhus |
| **Subject:** | Re: Williams v. Circle K |

Thank you and I hope you are feeling better!

Ashleigh Madison
Southeast Law, LLC
1703 Abercorn Street
Savannah, Georgia 31401
912.662.6612


> On Oct 25, 2021, at 4:05 PM, Stephen A. Swanson <sswanson@carrallison.com> wrote:
>
> Hi Ashleigh,
>
> Thanks for your note and apologies for my late reply here as I was under the weather for the better part of last week.
>
> Yes, I will get you some dates for Ms. Keith and revert as soon as possible.
>
> Have a nice afternoon.
>
>
>
> Stephen A. Swanson
> (423) 497-0012
> sswanson@carrallison.com
>
> **From:** Ashleigh Madison <southeastlaw@gmail.com>
> **Sent:** Monday, October 18, 2021 11:10 AM
> **To:** Stephen A. Swanson <sswanson@carrallison.com>
> **Cc:** Sean Martin <swmartin@carrallison.com>; Tracey Skarhus <tlskarhusselaw@gmail.com>
> **Subject:** Re: Williams v. Circle K
>
> Thanks Stephen.  I would like to go ahead and take the deposition of Ms. Keith.  Can you get me some proposed dates? Once I accomplish her deposition, I'll be in a better position to evaluate dismissing, or substituting Ms. Wathchem.
>
> I'll get you whatever medical records and bills we get in response to any non-party requests.  Tracey, can you forward whatever we have and whatever we get in for Ms. Williams?
>
> Thanks!

Ashleigh Madison
Southeast Law, LLC
1703 Abercorn Street
Savannah, Georgia 31401
912.662.6612
southeastlaw@gmail.com

On Oct 15, 2021, at 2:33 PM, Stephen A. Swanson <sswanson@carrallison.com> wrote:

Thank you, Ashleigh.

This is the number to the Circle K store itself where, as my client maintains, the store manager was Ms. Seara Keith. Let me know if you have what you need to make a decision on dropping Sue Wathchem from the case.

Separately, to the extent you have medical records or other information produced in response in a nonparty request that was not already produced in discovery, please send those over to me when you can pursuant to O.C.G.A. § 9-11-34(c)(1).

Have a nice afternoon.


Stephen A. Swanson
(423) 497-0012
sswanson@carrallison.com

**From:** Ashleigh Madison <southeastlaw@gmail.com>
**Sent:** Friday, October 15, 2021 1:13 PM
**To:** Stephen A. Swanson <sswanson@carrallison.com>
**Subject:** Williams v. Circle K

Hey Stephen,

Mrs. Williams gave me the number of the person she talked to with Circle K. The number is 706.243.3167.

Thanks!

Ashleigh Madison
Southeast Law, LLC
1703 Abercorn Street
Savannah, Georgia 31401
912.662.6612
southeastlaw@gmail.com

🔥 **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

JAN 24, 2022 03:51 PM

*Danielle F. Forté*
Danielle F. Forté, Cle
Muscogee County, Georg

**MARTHA WILLIAMS vs CIRCLE K STORES, INC., ET AL.**
**Martha Williams on 10/15/2021**

```
 1            IN THE STATE COURT OF MUSCOGEE COUNTY
                       STATE OF GEORGIA
 2

 3

 4

 5    MARTHA WILLIAMS,                    )
                                         )
 6            Plaintiff,                  )      CASE NO.:
                                         )      2021-CV-000722
 7            vs.                         )
                                         )
 8    CIRCLE K STORES, INC.              )
      and SUE WATHCHEM,                   )
 9                                        )
              Defendants.                 )
10

11

12

13              ORAL DEPOSITION OF
                  MARTHA WILLIAMS
14             CONDUCTED REMOTELY
                 10:14 A.M. EST
15    FRIDAY, THE 15TH DAY OF OCTOBER, 2021

16

17

18    Michael Dane Russell, CCR, GRL B-1782

19

20

21

22

23

24

25
```

```
 1                    APPEARANCE OF COUNSEL

 2

 3

 4

 5    On Behalf of the Plaintiff:

 6        Ashleigh R. Madison
          Southeast Law, LLC
 7        1703 Abercorn Street
          Savannah, Georgia  31401
 8        southeastlaw@gmail.com

 9

10    On Behalf of the Defendants:

11        Stephen A. Swanson
          Carr Allison
12        736 Market Street
          Suite 1320
13        Chattanooga, Tennessee 37402
          sswanson@carrallison.com

14

15

16

17

18

19

20

21

22

23

24

25
```

1    there.  I didn't know that if they gave me something

2    for pain, I wouldn't be able to drive back over to

3    the motel, so, they would not give me anything.

4       Q.  Okay.  Do you remember the doctor's name?

5       A.  No, I don't.  All I --

6       Q.  Were you told that you had a fracture of your

7    left shoulder?

8       A.  Then I had a fracture?

9       Q.  Did they -- did that doctor at the hospital in

10   Columbus tell you, you had a fracture of that left

11   shoulder?

12      A.  No.

13      Q.  Was there any break that they noted?

14      A.  He did not tell me that.  He just said see a

15   doctor when you get back home.

16      Q.  Okay.  Was there any diagnosis at all that you

17   remember?

18      A.  I don't remember him say anything about the

19   diagnosis.  All I know exactly is when I got back

20   home, I went to the ER there.

21      Q.  Okay.  Have you told your attorney about this

22   trip to the Columbus hospital?

23      A.  Yes.

24      Q.  Okay.  Do you have medical records --

25          MS. MADISON:  Let me just put on the record

1      too, Stephen, we've requested records from that

2      hospital and they say that they don't have any,

3      so, I'll have to get with Mrs. Williams and see

4      why, if we can get down, you know, to the bottom

5      of -- of why they're saying that they don't have

6      any records for her.

7   MR. SWANSON:

8      **Q.  Do you have medical records from this visit to**

9   **the Columbus hospital, Mrs. Williams?**

10     A.  No, I don't have any medical records from the

11  visit, but when I went back for a -- my -- for my

12  final exam from Dr. Dorchak, he -- I told him about

13  it, so, he should have some records from me.

14        MS. MADISON:  Yeah.  We sent a request on

15     September 7th, 2021 to Piedmont Columbus Regional

16     for records.

17        Oh, this may be the issue.  Did you go -- you

18     went the day after?

19        PLAINTIFF WILLIAMS:  Ma'am?  No, ma'am.

20  I went the same night.

21        MS. MADISON:  11-15, 2019?

22        PLAINTIFF WILLIAMS:  Yes, ma'am.

23        MS. MADISON:  It says we regret to inform you,

24     we are unable to process your request as the

25     patient did not receive services at this facility

```
 1      on the service date requested.

 2          So, we'll try to get to the bottom of it,

 3      Stephen, and --

 4          PLAINTIFF WILLIAMS:  Okay.  Contact --

 5      attorney, contact Dr. Dorchak at the Hughston

 6      Sports Clinic.  They have the information.  I --

 7      I reported it to him when I went back for a

 8      checkup.

 9          MS. MADISON:  Okay.

10  MR. SWANSON:

11      Q.  So, this doctor, you said Dorchak at Hughston

12  Sports Clinic, are you aware if he has a record of

13  this visit?

14      A.  He should.  I let them knew that I went over

15  there to the hospital when I was in Columbus and

16  I fell and hurt my shoulder.  I told him, and I said

17  I had them -- they also checked my back, because I

18  told them I had had back surgery.  He told me that

19  the records showed that everything was good.  So,

20  they should have a record of that.

21          If I can find where I went, that was in 2019.

22  I will look in my vehicle and see if I have a --

23  where I went.

24      Q.  Where you went -- where you went to the

25  hospital?
```

1    A.   Yes.   I'll see if I have a dismissal thing

2    from the hospital.   I did not know that they did not

3    document it, and evidently they documented it because

4    Dr. -- Dr. Dorchak was able to get a response from

5    them.

6    Q.   **Based on you telling him that you went; is**

7    **that right?**

8    A.   Yes.

9    Q.   **Okay.   Have you seen these records of your**

10   **treatment at Piedmont Columbus?**

11   A.   No more than what they would have given me

12   that night when they dismissed me from the emergency

13   room.

14   Q.   **And as we sit here today, you don't have any**

15   **evidence of visiting that -- physical evidence of**

16   **visiting that --**

17   A.   I'll look in my vehicle when I get back home,

18   in my pocket and see if I got it.   I'll look in my

19   file where I keep all my records and see if I have

20   it.

21   Q.   **Okay.   Do you have any -- do you have any**

22   **explanation of why a visit to a doctor or a hospital**

23   **wouldn't have been documented?**

24   A.   I don't know.   They got paid for it.

25   Q.   **Is it possible that you didn't go to this**

```
 1    hospital?

 2       A.  I went to the hospital.

 3       Q.  Okay.  And you went to the hospital on

 4    November 15th, 2019?

 5       A.  Yes, I did.

 6       Q.  Okay.  What time did you visit?

 7       A.  What time did I go to the hospital?

 8       Q.  Yes, ma'am.

 9       A.  Not sure what time it was when I got there but

10    I know it was after the competition was out.  I went

11    to the hospital at Piedmont.

12       Q.  Is it possible you went to another hospital in

13    the Columbus area?

14       A.  No, it's not.  I went to the hospital at

15    Piedmont.  I don't know whether it's the same people

16    at the Baymont or not, but they told me how to get

17    there.

18       Q.  Did you go to the emergency room?

19       A.  Yes.

20       Q.  Okay.  So, this incident, I believe you said

21    that it happened on a Friday; is that right?

22       A.  Yes.

23       Q.  Okay.  So, Friday, November -- yeah, November

24    15th was a Friday.

25       A.  Yes.
```

1    Q.   And you -- and you recall going to the

2    Columbus hospital that evening, on November 15th?

3    A.   That night.

4    Q.   That night, yes, after the competition?

5    A.   Yes.

6    Q.   The next -- you stayed the night at the

7    Baymont.   You -- and then you got up and went home

8    back to Waycross and, so, on the 16th you presented

9    to Memorial Health Center; is that right?

10   A.   At the Memorial Center on the 17th, in the

11   afternoon.

12   Q.   Okay.  And did you go to the emergency room at

13   this facility?

14   A.   Yes.

15   Q.   Okay.  And what did they tell you at this

16   facility?

17   A.   I think I went twice before they said I need

18   to see an orthopedic doctor, and they recommended

19   Dr. Miller in Waycross.  I didn't even know there was

20   a Dr. Miller in Waycross.  I didn't know we had a

21   Dr. Miller there until they sent me to him.  He is

22   connected with the hospital.  Dr. Steven Miller.

23   Q.   Okay.  You went twice to this facility.  The

24   first time was on November 17th of 2019; is that

25   right?

MARTHA WILLIAMS vs CIRCLE K STORES, INC., ET AL.
Martha Williams on 10/15/2021                          Page 40

1     A.   Yes.

2     Q.   **Okay.  When was the second time you went?**

3     A.   Yeah, it was during the week that week because

4     I kept hurting and -- and my shoulder wouldn't stop

5     hurting, just like it ain't stopped hurting since.  I

6     went back and that's when they told me I needed to

7     see an orthopedic doctor.  They sent the request over

8     and the orthopedic doctor office called me, set up an

9     appointment.  That was in November, I believe on the

10    27th.  I'm not for sure what date they scheduled me

11    to come in.

12         And I went to see them and that's when they

13    started giving me steroid shots in my shoulder, and

14    it wasn't getting any better.  It was still hurting.

15    Q.   **Do you have any reason to doubt the accuracy**

16    **of your medical records, Mrs. Williams?**

17    A.   Do I have any reason to doubt them?

18    Q.   **Correct.**

19    A.   If they say I didn't go to the Piedmont

20    Hospital, they are lying.  I doubt that.

21    Q.   **Okay.  Other than that, do you have any reason**

22    **to -- to doubt the accuracy of your medical records?**

23    A.   No.

24    Q.   **Okay.  Would you agree that your medical**

25    **records are the best indicator of -- of instances of**

1    being treated at a hospital?

2    A.   Should be.

3    Q.   Is that a yes?

4    A.   Yes, they should be.

5    Q.   Okay.  Is it possible that you didn't attend a

6    hospital at all until about three weeks after the

7    incident?

8    A.   No.

9         Can I say one thing?  I worked --

10   Q.   Sure.

11   A.   I worked at a hospital for years.  I know, no.

12   I worked in the medical field because I studied

13   nursing.  No, I went to Piedmont Hospital on November

14   15th, 2019.

15   Q.   Is it possible that you only went to the

16   Memorial Health Center about three weeks after this

17   incident?

18   A.   No.

19   Q.   Okay.  Because you recall going within a day

20   or so of -- of falling?

21   A.   Yes.

22   Q.   Okay.  So, if there was not a record of the --

23   of either of these two visits right after the

24   incident, would this be the same issue as Columbus

25   Piedmont in not having kept the record of it?

1    A.  I don't know.  I -- I can't answer that for

2    you.

3    Q.  In your experience in working in the -- in

4    working in the medical field, have you ever seen an

5    instance where there's three sets of visits to a

6    hospital that aren't documented?

7    A.  Yes.  I've seen a whole lot of that happen.

8    Q.  Okay.  Did you tell any physicians not to

9    record your treatment with them?

10   A.  No.  I have never told anybody not to record

11   anything, no.

12   Q.  Okay, all right.  Let's jump back to -- well,

13   we've been going for about an hour and -- an hour or

14   so, Mrs. Williams.  Are you fine to keep going or

15   would you like to take a five minute break?

16   A.  I'm fine.

17   Q.  Okay.  Great, great.  We'll power through.

18        Let's -- let's jump back to the incident just

19   quickly.  I want to -- I want to just make sure

20   I've -- I've got all that.  You said that it was

21   raining all day; is that right?

22   A.  No, it wasn't raining when we went to the

23   coliseum.  It was raining when we came out.

24   Q.  Was it raining pretty hard?

25   A.  Yeah, it was raining fairly hard at the

1    was the weather?  Was it colder out or was it one of

2    those warmer Georgia Novembers?

3       A.  It was cool.

4       Q.  Cool, but not cool enough for ice to be

5    forming or snowing at all?

6       A.  No.

7       Q.  Okay.  What organization was your daughter

8    cheering through or for?

9       A.  Ware County High School.

10      Q.  Okay.  Was it raining when you got to the

11   Circle K?

12      A.  It was sprinkling.  It wasn't raining hard.

13      Q.  But it had been raining your whole -- the

14   whole way from the coliseum?

15      A.  Yes, it had been.  It had been raining.  I had

16   to wipe the water off the windows, but it wasn't

17   raining as hard as it was at the coliseum.

18      Q.  Okay.  I'm going to call up another photo, if

19   I can, Mrs. Williams.  Bear with me for a second.

20          All right.  Mrs. Williams, I'm sharing my

21   screen.  Do you see the photo of the gas station

22   here?

23      A.  I see it.

24      Q.  Okay.  I'll represent to you that this is a

25   photo that I just took off Google Maps showing the

1    Circle K located at 1408 Veterans Parkway, Columbus,

2    Georgia, 31901.

3         Does this photo generally reflect what the

4    premises looked like on the day of the incident that

5    we're here about today?

6    A.   It looks like the Circle K but I can't tell

7    you exactly whether it's the one or not, but it looks

8    like the one.

9    Q.   Do you remember there being a Subway and a

10   Taco Bell on either side of the -- of the store?

11   A.   Yes.

12   Q.   Okay.  So, is it fair to say that this is

13   probably the place where -- that you visited for

14   soup?

15   A.   Probably, yes.

16   Q.   Okay.  Other -- other than the vehicles that

17   are there, do you see any differences between this

18   photo here and how you remember it on the 15th of

19   November, 2019?

20   A.   All I know, I pulled into the store, sir.

21   I really wasn't paying that much attention to how the

22   store looked and all.  All I did was pulled in, got

23   out to go in to get some soup.

24   Q.   Okay.

25   A.   If anything has been changed and where it's --

≋ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

FEB 17, 2022 04:19 PM

*Danielle F. Forte*
Danielle F. Forté, Clerk
Muscogee County, Georgia

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

MARTHA WILLIAMS,                )
                                )
    Plaintiff,               )
                                )
vs.                             )        Civil Action File No.: **2021-CV-000722**
                                )
CIRCLE K. STORES, INC. and      )
SUE WATHCHEM,                   )
                                )
    Defendants.              )

---

### PLAINTIFF'S SUREPLY TO DEFENDANT'S FURTHER RESPONSE ON MOTION TO DROP DEFENDANT SUE WATHCHEM AND BRIEF IN SUPPORT

COMES NOW PLAINTIFF MARTHA WILLIAMS ("Plaintiff") in the above-styled action, and file this, her Sureply to Defendant Sue Wathchem's ("Defendant Wathchem") Motion to Drop Defendant Sue Wathchem as follows:

### I. FACTS

Defendant Circle K Stores, Inc. owns and operates a convenience store at 1408 Veterans Parkway, Columbus, Georgia 31901. See Complaint.  On November 15, 2019, Plaintiff was a customer at the aforementioned convenience store owned and operated by Defendant Circle K Stores, Inc. Id. As Plaintiff exited the building and began walking down the ramp, suddenly and without warning, Plaintiff slipped and fell on the ramp, which was wet from rain. Id. Defendants' ramp had no rails to assist patrons as they were descending the ramp, did not have appropriate warnings/markings to designate the change in grade of the ramp, and the ramp did not have any non-skid material on it. Id.  At no time before Plaintiff's fall was Plaintiff ever warned of the condition of the ramp or given notice of the dangerous condition of the ramp. Id. Plaintiff contends that Defendants were negligent in failing to maintain their premises and in

failing to warn Plaintiff of the ramp's dangerous condition. Id. As a result of Defendant's actions and/or omissions, Plaintiff was injured and suffered damages, which resulted in the filing of the present action.

### I. Plaintiff has filed a Motion to Add and/or Substitute the Actual Manager, Seara Keith.

Since Plaintiff's initial response to Defendant's Motion to Drop Sue Wathchem, Plaintiff has now deposed Seara Keith, who is identified as the actual manager on duty for Circle K's subject location.[1] Based on this new information obtained through discovery, Plaintiff now requests that Seara Keith be added and/or substituted for Sue Wathchem. (See **Exhibit A**, Plaintiff's Motion to Add). Based on additional information obtained in the deposition of the manager Seara Keith, Plaintiff has also filed a Motion to add employees on duty and an Amended Complaint. (See **Exhibit B**, Plaintiff's Motion to Add Party Defendants). Plaintiff responds to Defendants' Motion below, which shows that sufficient evidence exists to sustain a claim against Defendant Seara Keith, as manager. Plaintiff requests the motion to substitute be granted and the proposed order signed to resolve the matter regarding Sue Wathchem.

### II. The Court should grant Plaintiff's addition of proposed Defendant Seara Keith.

Defendant in its request to the Court, requests that Defendant Sue Wathchem be dropped from the claim. The deposition conducted on January 18, 2022, revealed Seara Keith as the actual manager for the subject store owned by Circle K Stores, Inc. Now that Plaintiff Williams has the actual name of the responsible manager, the Plaintiff's Motion to Substitute Seara Keith will provide the remedy Defendant Wathchem seeks and will remove her from this claim. (Ex. A).

The evidence before the Court reflects that Defendant Circle K owned and operated the subject store and were responsible for keeping the entrance safe for invitees. (See Amended Answers). Furthermore, Circle K and its employees operated and maintained the subject store, where they were responsible for keeping the building and its entrances safe. (See Id.). Such evidence is certainly sufficient to support Plaintiff's claims for negligence in the Complaint. Those issues should be properly addressed through discovery efforts moving forward with the actual manager substituted.

Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Add Seara Keith. Under the present circumstances, to grant the motion to drop without permitting addition and/or substitution for the proper defendant would deny Plaintiff the right to seek relief from all parties responsible for her injuries.

Plaintiff has presented an Amended Complaint, which sets forth valid and viable claims for relief from Defendants' actions. (See Ex. B). As such, this Court cannot say "that the allegations of the complaint disclose with certainty that Plaintiff would not be entitled to relief under *any* state of provable facts asserted". As such, Defendants' Motion to Drop Defendant Wathchem and dismiss the claim against her or any other potential on-duty manager should be DENIED and Plaintiff Williams' Motion to Add and/or Substitute Seara Keith for Sue Wathchem should be granted.

Respectfully submitted this 17th day of February, 2022.

                                        **SOUTHEAST LAW, LLC**

                                        */s/ Ashleigh R. Madison*
                                        Ashleigh R. Madison
                                        Georgia Bar No. 346027

1703 Abercorn Street
Savannah, Georgia  31401
912.662.6612
southeastlaw@gmail.com


                                        */s/ Franklin D. Hayes*
                                        Franklin D. Hayes
                                        Georgia Bar No. 339910

Post Office Box 2377
Douglas, GA 31534
Phone: 912.383.6132

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

MARTHA WILLIAMS,                         )
                                         )
            Plaintiff,                   )
                                         )
vs.                                      )       Civil Action File No.: **2021-CV-000722**
                                         )
CIRCLE K. STORES, INC. and               )
SUE WATHCHEM,                            )
                                         )
            Defendants.                  )

---

## CERTIFICATE OF SERVICE

This is to certify that I have on this day filed the foregoing pleading and have hereby served all of the parties in this case through the following, via electronic mail:

Sean W. Martin, Esquire
Carr Allison, PC
736 Market Street, Suite 1320
Chattanooga, TN 37402

This 17th day of February, 2022.

/s/ Ashleigh R. Madison
Ashleigh R. Madison
Georgia Bar No. 346027

**SOUTHEAST LAW, LLC**
1703 Abercorn Street
Savannah, Georgia 31401
912.662.6612
877.417.2943 f
southeastlaw@gmail.com

🔥 **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

FEB 17, 2022 04:25 PM

*Danielle F. Forte*
Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

MARTHA WILLIAMS,       )
                                    )
     Plaintiff,         )
                                    )   Civil Action No. **2021-CV-000722**
v.                               )
                                    )   **JURY DEMANDED**
CIRCLE K STORES, INC. AND  )
SUE WATHCHEM,       )
                                    )
     Defendants.       )

---

### PLAINTIFF'S MOTION TO ADD DEFENDANTS SEARA KEITH, JACQUELINE LEVERETT & DEAMBER GREENE

COMES NOW, PLAINTIFF WILLIAMS ("Plaintiff") and moves pursuant to O.C.G.A. § 9-11-15(a) and § 9-11-21 for an order adding SEARA KEITH[1], JACQUELINE LEVERETT and DEAMBER GREENE as additional defendants in this action and allowing Plaintiff to file and serve her First Amended Complaint attached hereto as **Exhibit A**. As grounds for this Motion, Plaintiff shows as follows:

### FACTUAL BACKGROUND

Plaintiff filed the instant complaint on or about May 20, 2021, for damages against Defendants as a result of a fall at Circle K, which resulted in personal injuries. At the time of filing the identity of the on-duty manager Seara Keith was unknown and Plaintiff was unaware of the identities of the employees, who at all times relevant to the instant action, were employed by and working on premise for Defendant Circle K Stores. On the date of the incident, additional Defendant Seara Keith was the manager on-duty and additional

---

[1] In the alternative, the Court should substitute Seara Keith for Defendant Sue Watchem, as the manager for Circle K Stores on the date of the incident.

defendants Jacqueline Leverett and Deamber Greene were employed as customer service representatives. Plaintiff's Amended Complaint is based on the incident that occurred on November 15, 2019, in which Defendant Circle K Stores, Inc., and its employees, the proposed additional defendants, were responsible for maintaining the premise for invitees.

There are no statute of limitations concerns with adding a party Defendant because the Supreme Court of Georgia's March 14, 2020 Order declaring a statewide judicial emergency tolled the applicable statute of limitation. The Court issued guidance on April 6, 2020 stating that "whatever time remained in the period of limitation as of March 14 will still remain when the tolling provision of the March 14 declaration has expired or is otherwise terminated." The Supreme Court of Georgia's July 10, 2020 Order reimposed all deadlines that were tolled. The July 10, 2020 Order specifically stated: "The 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation." The Supreme Court of Georgia's June 7, 2021 provided notice that the statewide judicial emergency would expire and that all deadlines "not already reimposed" would be reimposed when the judicial emergency expired. That Order referred to Section II of the July 10, 2020 Order for "how to calculate deadlines that were tolled on March 14, 2020 and later reimposed." The Supreme Court of Georgia has issued two decisions "paraphrasing its tolling order as 'provid[ing] that a litigant would have the same amount of time to file or act after July 14, 2020 that he had as of March 14, 2020.' Bartley v. Bartley, Case No. S20C1519 (March 1, 2021); City of Pendergrass v. Rintoul, Case No. S21C0088 (April 5, 2021)." Accordingly, the statute of limitations has not yet expired for adding additional defendants.

## ARGUMENT AND CITATION TO AUTHORITY

Plaintiff's motion to amend complaint should be granted to add necessary parties, Seara Keith, Jacqueline Leverett, and DeAmber Greene, in order to ensure the proper parties are before the Court. As a general rule, a party may amend its pleading as a matter of course without seeking leave of court at any time before a pretrial order is entered. O.C.G.A. §9-11-15(a). In order for an additional party to be added to an existing suit by an amendment to O.C.G.A. §9-11-15(a), however, leave of court must be sought and obtained pursuant to O.C.G.A. § 9-11-21. Aircraft Radio Sys., Inc. v. Von Schlegell, 168 Ga. App. 109, 111 (1983). The proposed Defendants are necessary parties in the present matter, no pretrial order has been entered, and therefore Plaintiff is entitled to its motion to amend as a matter of course.

Pursuant to O.C.G.A. § 9-11-21, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just" whether defendants would be prejudiced.  Proposed Defendants Seara Keith, Jacqueline Leverett, and DeAmber Greene were employees of Circle K Stores, Inc., the owner of the subject store, at all times relevant to this action and are necessary parties. Therefore, these employees should be added in this action along with Defendant Circle K Stores, Inc., so that all parties will be before this Court and that Plaintiff can obtain from either or all the relief to which Plaintiff is entitled. The proposed Defendants are subject to the jurisdiction of this Court, and with their addition as Defendants, venue in this Court will remain proper.

**WHEREFORE**, Plaintiff prays that her Motion be granted and that Seara Keith, Jacqueline Leverett, and DeAmber Greene be added as additional defendants in this action and that Plaintiff be allowed to file and serve her Amended Complaint, and that she have such other and further relief as is just and proper.

This 17th day of February, 2022.

/s/ Ashleigh R. Madison
Ashleigh R. Madison
Georgia Bar No: 346027

**Southeast Law, LLC**
1703 Abercorn Street
Savannah, GA 31401
(912) 662-6612
southeastlaw@gmail.com

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

MARTHA WILLIAMS,                          )
                                          )
        Plaintiff,                        )
                                          )   Civil Action No. 2021-CV-000722
v.                                        )
                                          )
CIRCLE K STORES, INC., SEARA              )       JURY DEMANDED
KEITH, JACQUELINE LEVERETT,               )
and DEAMBER GREENE,                       )
                                          )
        Defendants.                       )

## FIRST AMENDED COMPLAINT

**COMES NOW**, Plaintiff and files this, her Complaint against Defendants, and respectfully shows as follows:

### I.     PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of the State of Georgia.

2. Defendant Circle K Stores, Inc. is foreign profit corporation, duly authorized to transact business in the State of Georgia. Service of process on this Defendant may be perfected by serving its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

3. Upon information and belief, Defendant Seara Keith was the store manager at the time of the incident and is a citizen and resident of Meriwether County, Georgia.

4. Upon information and belief, Defendant Jacqueline Leverett was a store employee at the time of the incident and is a citizen and resident of Muscogee County, Georgia.

5. Upon information and belief, Defendant DeAmber Greene was a store employee at the time of the incident and is a citizen and resident of Muscogee County, Georgia.



EXHIBIT
A

6. The incident which gives rise to the lawsuit occurred in Muscogee County, Georgia.

7. This Court has jurisdiction over this matter and the parties.

## II.    FACTUAL ALLEGATIONS

8. Defendant Circle K Stores, Inc. owns and/or operates a convenience store at 1445 Veterans Parkway, Columbus, Georgia 31901.

9. Upon information and belief, at all relevant times, Defendant Seara Keith was the manager on duty for the subject store.

10. Upon information and belief, at all relevant times, Defendant Jacqueline Leverett was on duty and working for the subject store.

11. Upon information and believe, at all relevant times, Defendant DeAmber Greene was on duty and working for the subject store.

12. On November 15, 2019, Plaintiff was a customer at the aforementioned convenience store owned and/or operated by Defendant Circle K Stores, Inc.

13. As Plaintiff exited the building and began walking down the ramp, suddenly and without warning, Plaintiff slipped and fell on the ramp which was wet from rain.

14. Defendants' ramp had no rails to assist patrons as they were descending the ramp, nor did the ramp have any non-skid material on it.

15. At no time before Plaintiff's fall was Plaintiff ever warned of the condition of the ramp.

16. At no time before Plaintiff's fall did she have notice of the dangerous condition of the ramp.

17. Defendants knew or should have known about the dangerous condition of its ramp before Plaintiff's injury.

18. Defendants knew or should have known about that injury would likely result from Plaintiff's use of said ramp due to lack of proper railing and non-skid material.

19. Defendants were negligent in failing to maintain their premises and in failing to warn Plaintiff of the ramp's dangerous condition.

20. As a result of Defendant's actions and/or omissions, Plaintiff was injured.

21. All damages suffered by Plaintiff are the direct and proximate result of Defendants' actions and/or inactions.

### III.  CAUSES OF ACTION

#### *Count I - Negligence*

22. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 21 as if fully contained herein.

23. As the owners and occupiers of the subject store, Defendant Circle K Stores, Inc. has a duty of ordinary care in keeping its premises safe to business invitees.

24. Defendant Circle K Stores, Inc., through its agents and/or employees was negligent in, but not limited to the following particulars:

    a)    In failing to properly maintain said ramp;

    b)    In failing to inspect said ramp;

    c)    In failing to install non-skid material or to otherwise eradicate the slippery nature of the surface when wet;

    d)    In failing to properly install railings for said ramp; and

    e)    In failing to properly post warning(s) or otherwise warn patrons about the condition(s) of said ramp.

25. Upon information and belief, Defendants Seara Keith was the store manager, and Jacqueline Leverett and DeAmber Greene were employees working on the day of Plaintiff's injury.

26. Defendants Seara Keith, Jacqueline Leverett and DeAmber Greene had a duty to inspect the subject store and its approaches for hazards which could injure business invitees such as Plaintiff.

27. Defendants Seara Keith, Jacqueline Leverett and DeAmber Greene were negligent in, but not limited to, the following particulars:

    a)  In failing to properly maintain said ramp;

    b)  In failing to inspect said ramp;

    c)  In failing to install non-skid material or to otherwise eradicate the slippery nature of the surface when wet;

    d)  In failing to properly install railings for said ramp; and

    e)  In failing to properly post warning(s) or otherwise warn patrons about the condition(s) of said ramp.

28. Plaintiff is entitled to damages for the injuries she has sustained as result of Defendants' breach of duty.

### *Count II- Premises Liability*

29. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 28 as if fully contained herein.

30. As the owners and occupiers of the subject store, Defendant Circle K. Stores, Inc. had a duty of ordinary care in keeping its premises safe to business invitees.

4

31. Plaintiff was present at the subject store, and was thus a business invitee to whom Defendants owed a duty of ordinary care.

32. Plaintiff's injuries were caused by the hazardous conditions on Defendants' premises.

33. Plaintiff was unaware as to this hazardous condition until the moment of her injury.

## IV. DAMAGES

34. Plaintiff re-alleges and incorporated by reference all allegations contained in paragraphs 1 through 33 as if fully contained herein.

35. As a result of Defendants' negligent acts, Plaintiff has incurred serious and substantial past and future medical expenses and has endured and will continue to endure physical and mental pain and suffering.

36. Plaintiff's injuries are permanent in nature, resulting in certain physical impairments.

37. Plaintiff's injuries and damages were proximately caused by the negligence of Defendants.

**WHEREFORE,** Plaintiff prays:

(a)    That Defendants be served with Summons and Complaint;

(b)    That Plaintiff be awarded damages, as described above, in an amount to be proven at trial;

(c)    That Plaintiff be awarded general compensatory damages in an amount to be deemed appropriate in the impartial and enlightened conscience of a jury; and

(d)    For such other and further relief as this Court deems just and proper.

This, the ___ day of February, 2022.

/s/ *Ashleigh R. Madison*
Ashleigh R. Madison
Georgia Bar No. 346027

Southeast Law, LLC
1703 Abercorn Street
Savannah, Georgia  31401
912.662.6612
southeastlaw@gmail.com

/s/ *Franklin D. Hayes*
Franklin D. Hayes
Georgia Bar No. 339910

Post Office Box 2377
Douglas, GA 31534
Phone: 912.383.6132

## THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

MARTHA WILLIAMS,                       )
                                       )
    Plaintiff,                     )
                                       ) Civil Action No. **2021-CV-000722**
v.                                     )
                                       ) **JURY DEMANDED**
CIRCLE K STORES, INC. AND              )
SUE WATHCHEM,                          )
                                       )
    Defendants.                    )

---

### ORDER

The Plaintiffs' Motion for Leave of Court to Amend Complaint to Add Parties

having been read and considered, and for good cause shown, the same is hereby

**GRANTED**.

    **IT IS HEREBY ORDERED** that Plaintiff shall file their Amended Complaint

within fourteen (14) days of the entry of this Order, naming Seara Keith, Jacqueline

Leverett, and DeAmber Greene as party defendants.

    **SO ORDERED**, this, the _____ day of _____, 2022.


                          _____
                          Honorable, Judge Andy Prather
                          State Court of Muscogee County


Order Prepared By:
Ashleigh R. Madison
Southeast Law, LLC
1703 Abercorn Street
Savannah, GA 31401
912.662.6612
southeastlaw@gmail.com

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARTHA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action File No.: **2021-CV-000722** |
| | ) | |
| CIRCLE K. STORES, INC. and | ) | |
| SUE WATHCHEM, | ) | |
| | ) | |
| Defendants. | ) | |

---

### CERTIFICATE OF SERVICE

This is to certify that I have on this day filed the foregoing pleading and have hereby served all of the parties in this case through the following, via electronic mail:

Sean W. Martin, Esquire
Carr Allison, PC
736 Market Street, Suite 1320
Chattanooga, TN 37402

This 17th day of February, 2022.

/s/ Ashleigh R. Madison
Ashleigh R. Madison
Georgia Bar No. 346027

**SOUTHEAST LAW, LLC**
1703 Abercorn Street
Savannah, Georgia 31401
912.662.6612
877.417.2943 f
southeastlaw@gmail.com

🏛️ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV000722**

FEB 25, 2022 12:57 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

### IN THE STATE COURT OF MUSCOGEE COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| MARTHA WILLIAMS, | * | |
| | * | |
| Plaintiff, | * | CASE NO. 2021-CV-000722 |
| | * | |
| v. | * | |
| | * | JURY DEMANDED |
| CIRCLE K STORES, INC. | * | |
| and SUE WATHCHEM, | * | |
| | * | |
| Defendants. | * | |

### DEFENDANT SUE WATHCHEM'S SUPPLEMENT IN FURTHER SUPPORT OF HER MOTION TO DROP SUE WATHCHEM AS A PARTY WITH PREJUDICE

COMES NOW the Defendant, Sue Wathchem, to submit this Supplement in Further Support of her Motion to Drop Sue Wathchem as a Party with Prejudice pursuant to O.C.G.A. §§ 9-11-21 and 9-11-12(b)(6).

Since filing her Reply in Further Support of her Motion to Drop Sue Wathchem as a Party with Prejudice ("Reply"), the deposition transcript of store manager Seara Keith has become available. Though her deposition testimony was initially paraphrased in Defendant Sue Wathchem's Reply, Ms. Keith's exact testimony further supports Defendant Sue Wathchem's position as follows:

1.  Ms. Keith was the store manager of the subject store on November 15, 2019. *See,* Excerpts from the Deposition of Seara Keith, p. 11, attached hereto as **Exhibit A**.

2.  Ms. Keith was not working at the subject store at the time of the Plaintiff's fall. *Id.* at 28.

3.  Ms. Keith does not know anyone by the name of Sue Wathchem. *Id.* at 50-52.

4.  Sue Wathchem has never been employed at the subject store. *Id.*

5.  While Ms. Keith was manager of the subject store, there was not an employee by the name of Sue Wathchem. *Id.*

6.      While Ms. Keith was manager of the subject store, there was not another manager by the name of Sue Wathchem. *Id.*

7.      Ms. Keith has never spoken to Sue Wathchem. *Id.*

8.      Sue Wathchem was not working at the subject store on November 15, 2019. *Id.*

9.      Ms. Keith, and not Sue Wathchem, spoke with the Plaintiff after the subject incident. *Id.*

Respectfully submitted,

**CARR ALLISON**

By:   /s/ Sean W. Martin
**SEAN W. MARTIN, GA BAR #474125**
**STEPHEN A. SWANSON, GA BAR #759751**
*Attorneys for Defendants*
736 Market Street, Suite 1320
Chattanooga, TN 37402
Telephone: (423) 648-9832
Facsimile: (423) 648-9869
swmartin@carrallison.com
sswanson@carrallison.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that on February 25, 2022, the foregoing document was electronically filed with the Clerk of Court using the PeachCourt Electronic Filing system, which will automatically send email notification of such filing to the following:

Ashleigh R. Madison, Esq.
Southeast Law, LLC
1703 Abercorn Street
Savannah, GA 31401

Franklin D. Hayes, Esq.
P.O. Box 2377
Douglas, GA 31534

This 25th day of February 2022.

By:   /s/ Sean W. Martin
**SEAN W. MARTIN, GA BAR #474125**

EXHIBIT A

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA


MARTHA WILLIAMS,                        )
                                        )
            Plaintiff,                  )
                                        )
   vs.                                  )
                                        ) CIVIL ACTION NO.
                                        ) 2021-CV-000722
CIRCLE K STORES, INC. AND               )
SUE WATHCHEM,                           )
                                        )
            Defendants.                 )
                                        )
_____)


          Teleconference deposition of SEARA KEITH,

taken by Counsel for the Plaintiff, MARTHA WILLIAMS,

pursuant to notice and by agreement of Counsel, under

the Georgia Civil Practice Act, reported by Christine

Eddy, RPR, CCR #5637-7586-6404-8640, at the offices

of McKee Court Reporting, 106 Montgomery Street,

Savannah, GA 31401, on Tuesday, January 18, 2022,

commencing at 11:00 a.m.


Transcript Prepared By:
              McKEE COURT REPORTING, INC.
                    P.O. Box 9092
                Savannah, Georgia 31412-9092
                    (912) 238-8808

Page 2

```
 1              APPEARANCES OF COUNSEL

 2          (All appearing via teleconference)

 3

    FOR THE PLAINTIFF:
 4
                Ashleigh R. Madison, Esq.
 5              Southeast Law
                1703 Abercorn Street
 6              Savannah, GA 31401
                (912)662-6612
 7              southeastlaw@gmail.com

 8
    FOR THE DEFENDANTS:
 9
                Stephen A. Swanson, Esq.
10              Carr Allison
                736 Market Street
11              Suite 1320
                Chattanooga, TN 37402
12              (423)648-9834
                sswanson@carrallison.com

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 11

1        A.      No, ma'am.  That was my first store.

2        Q.      Okay.  When you came -- when you made the

3   move over to 1408 Veterans Parkway as a store manager,

4   was that a new store or had that store been in

5   existence?

6        A.      It was already there.

7        Q.      Okay.  Describe for me, if you can, what --

8   strike that.

9                Back in November of 2019 when you were

10  store manager for 1408 Veterans Parkway, what would you

11  describe your duties and responsibilities to have been?

12  And I mean on a day-to-day basis.

13       A.      As a store manager?

14       Q.      Yes.

15       A.      Every morning as soon as you come in, you

16  walk through the store, check and see what needs to be

17  done.  Along with that I always got my list in the

18  morning and knocked out what I needed to, whether it be

19  trash, stocking, back stock.

20               Once I completed what I needed to in the

21  morning as well as check in for any -- any issues

22  across the board, I would complete my daily paperwork.

23  Once that was complete, there's usually inventory

24  audits that you do.  After that out on the floor with

25  my employees just doing customer service.

Page 28

1        A.      Yes.

2        Q.      All right.  Were you actually working on

3   November 15th, 2019, when this incident occurred?

4        A.      I was not.

5        Q.      Was there any store manager that you're

6   aware of that was working that day at that location?

7        A.      Not at that time.

8        Q.      Do you know which employees were working?

9   And I'll just tell you that there were two individuals

10  that's were identified in discovery responses --

11  Jacqueline Leberich [sic] and D'Amber Green [sic].  Do

12  you recognize those two as your employees at that

13  location?

14       A.      That's correct.

15       Q.      Do you know if either of them saw

16  Ms. Williams fall?

17       A.      They did not.

18       Q.      Okay.  Do you know of any store employee

19  that saw Ms. Williams fall?

20       A.      I do not.

21       Q.      Did you actually verify with Jacqueline and

22  D'Amber whether they saw anything at all?

23       A.      I did.

24       Q.      And they indicated that they did not?

25       A.      They did not.

Page 50

1    inspection of the ramp for any reason?

2         A.    Not that I recall.  The Department of

3    Agriculture comes out and does their inspections.

4         Q.    Okay.

5         A.    But not specifically just for the ramp.

6         Q.    Okay.  And do you know if any contractors

7    or engineers were consulted with that did any work on

8    the parking lot or the ramp itself?

9         A.    Not that I'm aware of.

10         Q.    Okay.  Do you know the names of any of the

11   third parties that come out to do any of the painting or

12   striping?

13         A.    Not off the top of my head, no, ma'am.

14              MS. MADISON:  Okay.  All right.  I think

15   that's all the questions I have.  Thank you for your

16   time.

17              THE WITNESS:  Yes, ma'am.

18                      EXAMINATION

19   BY MR. SWANSON:

20         Q.    Just a couple of follow-up questions,

21   Ms. Keith.  I'll be extraordinarily brief.  I just want

22   to wrap a couple of things up.

23              Does the name Sue Wathchem mean anything to

24   you?

25         A.    Nothing.

Page 51

1      Q.    Do you know anybody by the name of Sue

2   Wathchem?

3      A.    I do not.

4      Q.    Have you ever had a Circle K employee by

5   the name of sue Wathchem?

6      A.    No.

7      Q.    To your knowledge has a Sue Wathchem ever

8   worked at 1408 Veterans Parkway while you were store

9   manager there?

10      A.    No, sir.

11      Q.    Have you ever spoken with someone by the

12   name of Sue Wathchem?

13      A.    No.

14      Q.    Do you know if Sue Wathchem is a Circle K

15   employee at all?

16      A.    Not that I'm aware of.

17      Q.    When you were store manager at the Circle K

18   location at 1408 Veterans Parkway, did you ever have any

19   employee by the name of Sue?

20      A.    No.

21      Q.    When you were store manager at 1408

22   Veterans Parkway, did you ever have an employee by the

23   name of Susan?

24      A.    No, sir.

25      Q.    To your knowledge was Sue Wathchem working

Page 52

1   on the date of the incident that forms the basis of this

2   lawsuit?

3          A.    No.

4          Q.    To your knowledge is Sue Wathchem -- strike

5   that.

6                To your knowledge was Sue Wathchem a store

7   manager on November 15th, 2019 at 1408 Veterans Parkway?

8          A.    No.

9          Q.    Because you were the only store manager at

10   that location, right?

11          A.    Correct.

12          Q.    Do you know if anyone by the name of Sue

13   Wathchem ever spoke with the Plaintiff after this

14   incident?

15          A.    No.

16          Q.    Okay.  But you spoke with her three times

17   at least; is that right?

18          A.    At least.

19                MR. SWANSON:  Okay.  That's all I have.

20   Thank you.

21                MS. MADISON:  I have just a few more that I

22   had forgotten about.

23                           EXAMINATION

24   BY MS. MADISON:

25          Q.    You mentioned that the one camera is at the