IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MARTHA WILLIAMS,                    *

    Plaintiff,                   *

vs.                                 *          CASE NO. 4:22-CV-48 (CDL)

CIRCLE K STORES, INC. and SUE       *
WATHCHEM,
                                    *
    Defendants.                  *
_____         *

O R D E R

Defendant Circle K Stores, Inc. removed this action from Muscogee County State Court based upon diversity of citizenship jurisdiction. Plaintiff Martha Williams moves to add claims against additional defendants whose joinder would destroy complete diversity, and thus she seeks to remand this action back to state court. Because Williams's motion to join the non-diverse defendants should be granted and their joinder destroys complete diversity, Williams's motion to remand (ECF No. 7) is granted.

FACTUAL BACKGROUND

Williams, a citizen of Georgia, alleges that she was injured in November 2019 when she slipped and fell on a wet ramp outside a Columbus, Georgia Circle K convenience store. Compl. ¶¶ 8-9, ECF No. 3-1. In May 2021, Williams brought negligence and premises liability claims in the Muscogee County State Court against Circle K and Sue Wathchem, who Williams then believed was the manager of

the store where she was injured.  Compl. ¶¶ 3, 20-29.  Circle K
was a citizen of states other than Georgia for diversity of
citizenship purposes, but Wathchem was a Georgia citizen.  Thus,
when the complaint was filed, complete diversity of citizenship
did not exist among the parties on the face of the complaint.
While the action was pending in state court, Wathchem moved to
dismiss the claims against her, arguing that she was not affiliated
with the store where Williams was injured and that managers, who
are not owners or occupiers of the property where the accident
happened, cannot be liable for a premises liability claim under
O.C.G.A. § 51-3-1.

Williams eventually acknowledged that Wathchem was not the
manager of the store where she was injured.  And in February 2022,
Williams moved to amend her complaint in state court to join three
additional employees of Circle K as individual defendants.  She
argued that store manager Seara Keith, customer service
representative Jacqueline Leverich,[1] and customer service
representative Deamber Greene breached their individual duties to
maintain store's premises.  Pl.'s Mot. to Add Defs. 1-2, ECF No.
3-1 at 99-100.  Alternatively, Williams moved to substitute Keith
for Wathchem.  *Id.* at 1 n.1.  Before the state court could rule on

---

[1] Although the briefs refer to this proposed defendant as "Jacqueline
Leverett," Williams concedes that her name is "Jacqueline Leverich."
Pl.'s Reply Br. in Supp. of Mot. to Add Defs. 1-2 n.1, ECF No. 11.

Williams's motion to join these additional defendants, Circle K removed the action to this Court.  So, as the action presently stands, the defendants in this action are Circle K, a Texas corporation with its principal place of business in Arizona, and Wathchem, a Georgia citizen.  Circle K maintains that Wathchem's citizenship must be disregarded in determining whether complete diversity exists because no viable claim exists against her, and thus she has been fraudulently joined.  Williams responds that the Court should rule on her motion to join the non-diverse defendants and, if that motion is granted, then this action must be remanded regardless of whether the claim against Wathchem is dismissed and/or disregarded.

DISCUSSION

Wathchem is clearly not a proper defendant.  She was not the manager of the store where Williams fell, and Williams provides no other basis for holding her liable.  Thus, Wathchem shall not be considered in evaluating whether complete diversity of citizenship exists.  To the extent that she has not been voluntarily dismissed by Williams, the Court finds that Wathchem has been fraudulently joined and thus her citizenship shall be disregarded.

The Court, however, is unconvinced that Williams does not have a viable claim against the other non-diverse defendants.  So, Williams's motion to join them as defendants is granted.  To the extent that Circle K maintains that the motion to join those

defendants is not properly before the Court, that argument is contrary to well established precedent. Because the motion was filed in the state court action prior to removal, it was arguably pending when it arrived here. *Cf. Usatorres v. Marina Mercante Nicaraguenses*, S.A., 768 F.2d 1285, 1286 (11th Cir. 1985) (per curiam) ("[A] rule that pending motions are waived upon removal if not attached to the removal petition . . . is supported neither by authority nor reason."). And the parties seem to acknowledge that the motion is pending in this Court, agreeing that it is ripe for resolution. Thus, the motion to join the non-diverse defendants, which is dispositive of the motion to remand, must be decided. *See Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) (concluding that the district court, facing a plaintiff's post-removal motion to amend her complaint to join a diversity-defeating defendant, had "only two options: (1) deny joinder . . . or (2) permit joinder and remand").

Preliminarily, the Court must determine whether it should apply the Federal Rule of Civil Procedure 15(a)(2) standard for amending pleadings or whether it should restrict its analysis to fraudulent joinder principles. As a practical matter, it makes no difference. This action must be remanded either way. The Court finds that the proper analysis here involves the application of Rule 15. The fraudulent joinder principles generally apply when an action arrives in federal court with a claim already attached

that the removing party contends is not viable and has been
fraudulently joined.  But when, as here, a party seeks to amend
her complaint to add a claim against a non-diverse defendant, then
the Court knows of no reason why the traditional Rule 15 analysis
would not apply.  *See, e.g.*, *Sosa v. Airprint Sys., Inc.*, 133 F.3d
1417, 1419 (11th Cir. 1998) (per curiam) (stating that a motion to
amend a complaint to add a new defendant would have been evaluated
under Rule 15(a) if the motion had been timely under the scheduling
order).[2]  Under Rule 15, leave to amend should be freely given when
justice requires.  Fed. R. Civ. P. 15(a)(2).  Of course, if adding
the claim would be futile, then it should not be permitted through
amendment.  *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014)
(explaining that a motion to amend a complaint under Rule 15(a)(2)
may be denied "where amendment would be futile" (quoting *Bryant v.
Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam))).  And,
presumably, if the Court finds that a claim is viable and thus not
futile, then its joinder would likewise not be fraudulent.

For the following reasons, the Court finds that the claims
Williams seeks to add here are viable and amendment should be
permitted.  Circle K contends that, under Georgia law, Keith cannot
be held liable as manager because she was not on duty when Williams

---

[2] Although a motion to amend a complaint to join additional parties also
implicates Federal Rule of Civil Procedure 21, "the standard for
deciding" whether to grant such a motion is "the same under either [R]ule
15(a) or 21." *Loggerhead Turtle v. Cnty. Council of Volusia Cnty., Fla.*,
148 F.3d 1231, 1255 (11th Cir. 1998).

was injured and that Leverich and Greene cannot be held liable as customer service representatives because they did not exercise complete control over the store where Williams was injured.

Williams responds that two Georgia Court of Appeals cases establish that these defendants may be held individually liable for misfeasance, because their job duties included maintaining the store's premises.  In *Coffer v. Bradshaw*, the court stated that, when an employee fails to exercise reasonable care in performing duties set by his employment contract, a plaintiff could hold the employee "personally responsible" for injuries resulting from "such misfeasance"; the employee may not "escape liability on the ground that" the employee "acted as an . . . agent of the corporation, or on the ground that the corporation may also be sued."  167 S.E. 119, 122 (Ga. Ct. App. 1932) (further explaining that "[m]isfeasance may involve also to some extent the idea of not doing, as where an agent engaged in the performance of his undertaking does not do something which it is his duty to do under the circumstances").  The court in *Reed v. Arrington-Blount Ford, Inc.* concluded that an employee could be held individually liable for misfeasance by breaching "a duty owed by the agent to the injured party," even though the employee "act[ed] entirely in the course of her employment."  252 S.E.2d 13, 15 (Ga. Ct. App. 1979).  Other divisions of this Court have concluded that, when an employee's job duties include maintaining the store's premises,

that employee can be held individually liable for misfeasance if a third party is injured there. *See, e.g.*, *Ott v. Wal-Mart Stores, Inc.*, 2010 WL 582576, at \*2 (M.D. Ga. Feb. 16, 2010) (concluding that the plaintiff could establish a common law misfeasance claim "relating to [the manager's] failure to maintain safe premises," separate from a claim under O.C.G.A. § 51-3-1, where the manager's job description encompassed "general maintenance of the store premises"); *Parker v. Goshen Realty Corp.*, 2011 WL 3236095, at \*2-\*3 (M.D. Ga. July 28, 2011) (same). Thus, the Court cannot say that no cause of action exists under Georgia law against the non-diverse defendants that Williams seeks to add. Because Williams's claims are viable, the amendment to add them is not futile, and the motion to amend is granted.

The Court observes that, for the same reasons that the claims are viable, had these claims been joined prior to removal they would not be deemed fraudulent. *See, e.g.*, *Dever v. Fam. Dollar Stores of Ga., LLC*, 755 F. App'x 866, 870 (11th Cir. 2018) (per curiam) (stating that, had the plaintiff joined a non-diverse defendant in her initial complaint, the removing defendant could not have removed the action because it "would have had no basis for claiming that [the non-diverse defendant] was fraudulently joined"). It is well established that "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the

non-diverse defendant and deny any motion to remand the matter back to state court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (per curiam) (quoting *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)). To establish that the non-diverse defendants were fraudulently joined, Circle K would have been required to meet the "heavy" burden of proving by clear and convincing evidence that "there is no possibility the plaintiff can establish a cause of action against" the non-diverse defendants. *Id.* (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). Otherwise, "the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 1333 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983)). When considering whether the action should be remanded, the Court "must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.* (quoting *Crowe*, 113 F.3d at 1538). Doing so here would have required a finding that the claims Williams sought to join were not being added fraudulently. Thus, if the action had arrived here with those claims already added, this Court would have been required to remand the action for lack of complete diversity.

CONCLUSION

Because Williams's motion to add claims against the non-diverse defendants is granted and those claims are now deemed to be included in Williams's pending complaint, this action shall be remanded to the State Court of Muscogee County, Georgia. Williams's motion to remand (ECF No. 7) is accordingly granted.[3]

IT IS SO ORDERED, this 2nd day of June, 2022.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[3] The Court recognizes that the defendants that Williams seeks to add have not yet been served with the complaint, because that could not occur until the Court provided leave to amend. Furthermore, the Court's order today shall not be deemed to excuse service upon those defendants upon remand. This Court, of course, could have ordered Williams to file her amended complaint here, have it served, and then order remand, but requiring the parties to take those unnecessary steps would be a waste of judicial resources.